# CHARLESTON.

STATE v. CHESTER HALL AND THE WHITE COMPANY.

Submitted September 26, 1922.   Decided October 3, 1922.

1.  INTOXICATING LIQUORS—*Provision for Peaceful Delivery in Event of Unlawful Use of Automobile Not Evidence of Knowledge on Part of Lessor of the Intent to so Use Automobile.*

    Upon an intervention by an owner of property seized by prohibition officers, while used in unlawful transportation of intoxicating liquors, in a suit instituted by this State, for condemnation and sale of the property, under the provisions of Sec. 14 of Ch. 108 of the Acts of 1919, a stipulation attached to a written lease of the property by the owner, to the person from whose possession it was taken, providing for immediate maturity of the deferred installments of rent, peaceable delivery of the property to the lessor and right in him to repossess it, in the event of such unlawful use, is not alone evidence of knowledge or ground of belief on the part of the lessor, of intent on the part of the lessee, to devote the property to such use; its manifest purpose being provision against a mere possible contingency, not something foreseen, suspected or feared as an impending actuality.   (p. 650.)

2.  SAME—*Rental Contract Not Bona Fide Sale Because Purchase Money or Rent Equal to Aggregate Value Paid.*

    If such intervenor parted with the possession of the property in question, under a written contract which might be construed to be a contract of conditional sale of the property or a bailment thereof for hire, his title cannot be denied upon the theory that his ownership is not *bona fide*, because, in the delivery of the property a sum of money equal to or in excess of one-half of the value thereof was paid, as purchase money

or rent, if the seizure was made before the deferred installments were paid in full performance of the condition precedent.   (p. 651.)

3.   CONTRACTS—*Contract to Be Performed in Another State Will Be Interpreted and Enforced According to the Laws of Such Other State.*

A contract made and to be performed in a state other than this will be interpreted and enforced in the courts of this State in conformity with the laws of such other state, in the absence of a rule or measure of public policy of this State, denying it such construction, operation and effect.   (p. 652.)

4.   INTOXICATING LIQUORS—*Sale of Automobile Engaged in Unlawful Transportation of Intoxicating Liquors Under Contract in Another State Enforced in this State.*

Nothing in the public policy of this State denies to a contract concerning personal property in another state, there made and to be performed, such construction and operation as it would have in such other state, in so far as, so construed, it affects or relates to a claim of right in this State, to have such property condemned and sold, under the provisions of said statute, on account of its use in this State in the unlawful transportation of intoxicating liquors.   (p. 652.)

5.   SAME—*Uniform Conditional Sale Law Cannot Be Invoked to Enforce Contract Made and to Be Performed in Another State.*

Chapter 75 of the Acts of 1921, known as the "Uniform conditional Sales Law," adopted and enforced rules of public policy designed for the protection of creditors and purchasers only, and, as the State is not, in such a proceeding, either a creditor or a purchaser, it cannot invoke that statute in resistance or avoidance of the constitution given such contract in the state in which it was made and was to be performed.

Appeal from Circuit Court, Ohio county.

Suit by the State of West Virginia against Chester Hall. From a decree denying relief to the White Company, intervener, claiming to be the *bona fide* owner of an automobile seized by prohibition officers, intervener appeals.

*Reversed; Decree for intervener.*
91 W. Va.

*James W. Ewing* and *P. J. McGirdey,* for appellant.

*E. T. England,* Attorney General, *Charles Ritchie,* Assistant Attorney General, and *W. G. Brown,* State Prohibition Commissioner, for the State.

POFFENBARGER, PRESIDENT:

This is an appeal from a decree denying to the appellant, The White Company, the relief sought by its petition filed in an equity suit brought by the State to have a certain automobile truck seized by prohibition officers, declared a common and public nuisance and sold for the benefit of the State. The seizure of the property, the proceeding for sale thereof and the filing of the petition for its release, by the appellant claiming to be the *bona fide* owner thereof, are all based upon provisions of Sec. 14 of Ch. 108 of the Acts of 1919.

Only the question of title in the appellant is seriously involved. Even though title in an applicant is clearly shown, in such a case, he is not entitled to a release of the property, if he knew of, consented to, or acquiesced in, its unlawful use in respect of intoxicating liquors, or had cause to believe it was being, or was intended to be, so used. Nothing is relied upon here as evidence of such knowledge, except the presence of a memorandum attached to the contract of lease of the truck, making the deferred rentals immediately due and payable and forfeiting the lease, in the event of such unlawful use. In this stipulation, we find no evidence of purpose or intent to permit the truck to be unlawfully used or of knowledge, or reason to believe, that it would be so used. It is strange argument, to say one contracting against liability intended thereby to incur it. The appellant is a large manufacturing and selling concern, having sales offices in many large cities of the country. In addition to its sales of trucks and cars, it leases trucks, in instances in which persons and firms needing them are unable to comply with the terms of sale. In making these contracts by the hundreds, throughout the country, it is not unreasonable to suspect or fear that some lessee may make unlawful use of the truck, to the prejudice

of the lessor, in various ways, or that such use might occur without his knowledge or consent. Such a stipulation, therefore, is nothing more than a business-like precaution against a possible contingency. It constitutes no evidence of knowledge of intent or purpose on the part of the lessee, to make improper use of the particular car leased. There is uncontradicted evidence that the rider in question was used in all cases of the leasing or rental of trucks. The plain purpose of this rider was provision against a mere contingency, not something suspected or feared as an impending actuality. Facts and circumstances disclosed indicate that the truck had been extensively and vigorously used in illicit transportation of liquors during the period of less than two months, of its alleged bailment by the owner, but there was nothing in them or any other evidence, tending to prove any knowledge of such use on the part of the alleged bailor and owner. These circumstances do not seem to be relied upon in the argument and we see no probative value in them, respecting the good faith of the appellant.

It is contended, however, that good faith on its part is negatived by the provisions of the written contract, showing the actual relations of the parties to the property. In other words, it is claimed the alleged lessee was in point of fact, the beneficial owner, whether he was in law or not. The contract was made between The White Company and one C. M. Kinder, at Pittsburgh, Pa., August 29, 1921, and it stipulated that the place of performance should be in the State of Pennsylvania and that it should be construed and enforced according to the laws of that state, and not otherwise. For and in consideration of $2,325.95 in hand paid, and six installments of rent to be paid monthly and amounting to $2,116.55. The White Company leased the truck to Kinder for the period of six months, beginning with the date of the lease. The cash payment was about one-half of the value of the property, and the notes for the installments of rent to become due aggregated an amount about equal to the other half of its value. The notes were to be paid in any event, even though the contract should be terminated or the prop-

erty lost or destroyed. The lessee was to keep up the repairs on the truck and pay all taxes with which it should become chargeable. Nevertheless, it was formally agreed that the contract was one of rental only and not one of sale, conditional or otherwise; that no title should pass to or vest in the lessee, except upon the due execution and delivery of a written bill of sale; but that, upon full payment of the rent by the lessee, he might, if he should so elect, become the owner by payment of an additional dollar, within thirty days from the termination of the lease.

If construed under the laws of this State, the contract would be one of conditional sale and not one of bailment for hire, with a future privilege of purchase, that would give it the most unfavorable status respecting the appellant, that is claimed by the State. The White Company would still be the owner, until performance of the condition precedent, full payment of the purchase money. It is not pretended or claimed that the condition has been performed. Nearly one-half of the purchase money remains due and unpaid and the vendee's right of possession, as well as his right respecting the payments made, has been forfeited. There is an equitable doctrine of relief from forfeitures, but nobody has invoked it, and, its application would not change the legal aspects of the contract, if it is applicable and were invoked. None of the facts disclosed on the face of the contract import any fraud as between the parties or upon any other person. The State is not a purchaser from Kinder, nor a creditor of his. The purpose of its proceeding is to effect a sale of the truck, as a means of enforcing a State law, but the State exempts from sale property used in violation of the law, provided the *bona fide* owner thereof properly demands its release and has not consented to its illegal use, nor acquiesced therein, nor had reason to believe it was being, or was intended to be, so used. The question of ownership, therefore, is one to be determined as if it arose between the claimant and the person from whose possession it was taken by the seizure. No other basis of determination thereof is disclosed by any of the terms of the statute. Under the law governing the subject,

the appellant was clearly the *bona fide* owner of the property in question, even though it were necessary to hold the contract to have been one of conditional sale. But, under the laws of Pennsylvania, it is only a contract of bailment, under which title has not passed from The White Company, conditionally or otherwise. *Link Machinery Co.* v. *Continental Trust Co.*, 227 Pa. St. 37; *American Car & Foundry Co.* v. *Altoona & B. C. R. Co.*, 218 Pa. St. 519; *Cincinnati Equipment Co.* v. *Strange*, 215 Pa. St. 475; *Sites* v. *Seaton*, 200 Pa. St. 114; *Lippincott* v. *Scott*, 198 Pa. St. 283. In the absence of anything in the public policy of this State inhibiting such a contract, the law of the state in which it was made and to be performed, governs its construction and operation in litigation in which it is involved in the courts of this State. *Floyd* v. *Loan & Investment Co.*, 49 W. Va. 327; *Gooding* v. *Ott*, 77 W. Va. 487; *Wick* v. *Dawson*, 42 W. Va. 43. Nowhere in the prohibition laws is there a word or phrase importing intent to require a different construction of such a contract, in so far as it may be involved in the State's right to confiscate property unlawfully used in the transportation, storing or other handling of intoxicating liquors.

An effort is made to bring the contract generally under the condemnation of the policy of this State, by invocation of Sec. 1 of Ch. 75 of the Acts of 1921, known as the "Uniform Conditional Sales Law." That law establishes a policy respecting creditors and purchasers for value and without notice and, in so far as a contract made in another state and to be preformed in this State, would affect the rights of such persons, it would govern the construction. But it does not invalidate nor qualify such a contract in respect of its operation as to any other persons or its effect upon them. "Every provision in a conditional sale reserving property in the seller after possession of the goods is delivered to the buyer, shall be valid as to all persons, except as hereinafter otherwise provided," Sec. 4, Ch. 75, Acts, 1921. It is not otherwise provided except for the protection of creditors and purchasers. The right asserted here by the State is not based upon the relation of either creditor or purchaser. Hence,

this statute does not establish any policy abrogating, nullifying or qualifying the Pennsylvania contract here involved, in respect of such right, and that statute cannot be invoked to influence, control or affect its construction or operation.

Upon these principles and conclusions, the decree complained of will be reversed, the right of the appellant to a release of the truck in question adjudicated here, and the cause remanded for execution of the decree of this court.

*Reversed; Decree for intervenor.*