## GENERAL MOTORS ACCEPTANCE CORPORATION v. UNITED STATES.

Circuit Court of Appeals, Fourth Circuit. January 10, 1928.

No. 2642.

I. Intoxicating liquors ⚖➔250—Proceedings to forfeit automobile under National Prohibition Act held not barred by seizure thereon under revenue statute (26 USCA §§ 1181, 1182; National Prohibition Act, tit. 2, § 26 [27 USCA § 40]).

Seizure of automobile by prohibition agents, under Rev. St. § 3450 (26 USCA §§ 1181, 1182; Comp. St. § 6352), for violation of revenue laws, does not preclude proceedings to forfeit automobile under National Prohibition Act, tit. 2, § 26 (27 USCA § 40), or vice versa.

2. Intoxicating liquors ⚖➔250—Statute prescribing proceedings for forfeiture of automobile must be strictly followed (National Prohibition Act, tit. 2, § 26 [27 USCA § 40]).

National Prohibition Act, tit. 2, § 26 (27 USCA § 40), prescribing the proceedings to be followed to forfeit automobile for violation of the act, must be strictly complied with, where forfeiture is sought thereunder.

3. Intoxicating liquors ⚖➔250—Government should have informed claimant under conditional sale contract that proceeding to forfeit automobile would be under National Prohibition Act, where seizure was for violating revenue law (26 USCA §§ 1181, 1182; National Prohibition Act, tit. 2, §§ 26, 39 [27 USCA §§ 40, 62]).

Where government agents knew of conditional seller's claim to automobile seized under Rev. St. § 3450 (26 USCA § 1181, 1182; Comp. St. § 6352), and had informed conditional seller that seizure was under that section, government and its officers should, under National Prohibition Act, tit. 2, § 39 (27 USCA § 62), in interest of fair dealing and good faith, have informed it that forfeiture proceedings would be brought under title 2, § 26 (27 USCA § 40).

4. Intoxicating liquors ⚖➔250—Proceeding to forfeit automobile under National Prohibition Act is in rem, and must be based on libel or other appropriate proceeding (National Prohibition Act, tit. 2, § 26 [27 USCA § 40]).

Proceeding to forfeit automobile under National Prohibition Act, tit. 2, § 26 (27 USCA § 40), is in rem, and cannot be based merely on seizure thereof by prohibition agents, but libel must be filed or other appropriate proceeding had.

5. Intoxicating liquors ⚖➔255—In proper case, court may turn over to prohibition department, on request of Secretary of the Treasury, seized automobile.

In a proper case the court has a right to turn over to the prohibition department for its use, on request of the Secretary of the Treasury, automobile seized for violation of National Prohibition Act (27 USCA).

6. Sales ⚖➔473(2), 474(2)—State statutes requiring registering of conditional sales contracts, to be valid, are designed to protect creditors or purchasers for value without notice.

State statutes, including those of North Carolina, requiring registering of conditional sales contracts, to make them valid as against creditors or purchasers for value, are designed for the protection of creditors or purchasers for value without notice.

7. Intoxicating liquors ⚖➔251—Government, in proceeding to forfeit automobile, held not "creditor," or "purchaser for value without notice," so as to render conditional seller's lien void as against it, because not recorded (National Prohibition Act, tit. 2, § 26 [27 USCA § 40]; C. S. N. C. § 3308 et seq., as amended).

Government, in proceeding to forfeit automobile under National Prohibition Act, tit. 2, § 26 (27 USCA § 40), for violation of the act, is not a "creditor," or "purchaser for value without notice," within North Carolina registration statute (C. S. N. C. § 3308 et seq., as amended), requiring registration of conditional sales contracts, to make them valid as against creditors or purchasers for value, and failure to record such contract did not make conditional seller's lien void, as against government's claim of forfeiture.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Creditor; Purchaser for Value.]

8. Intoxicating liquors ⚖➔251—Conditional seller held not guilty of laches in failing to file claim until 4½ months after forfeiture of automobile (National Prohibition Act, tit. 2, § 26 [27 USCA § 40]; 26 USCA §§ 1181, 1182).

Claimant under conditional sale contract *held* not guilty of laches in not filing claim before March 18, 1927, to automobile ordered forfeited on October 4, 1926, under National Prohibition Act, tit. 2, § 26 (27 USCA § 40), where it had been informed by government agents that seizure was under Rev. St. § 3450 (26 USCA §§ 1181, 1182; Comp. St. § 6352), under which statute rights of lienors would not have been recognized, and did not know of proceeding under National Prohibition Act un-

til immediately before the filing of its petition to set aside order of condemnation.

Appeal from the District Court of the United States for the Western District of North Carolina, at Charlotte; Edwin Y. Webb, Judge.

Seizure proceeding by the United States against an automobile. From an order denying the petition of the General Motors Acceptance Corporation to set aside the order of condemnation, and that it be allowed to intervene and set up an alleged prior lien on the automobile, petitioner appeals. Reversed and remanded.

Frank H. Kennedy, of Charlotte, N. C. (Tillett, Tillett & Kennedy, of Charlotte, N. C., on the brief), for appellant.

Frank C. Patton, Asst. U. S. Atty., of Morganton, N. C. (Thomas J. Harkins, U. S. Atty., of Asheville, N. C., and K. J. Kindley, Asst. U. S. Atty., of Charlotte, N. C., on the brief), for the United States.

Before WADDILL, PARKER, and NORTHCOTT, Circuit Judges.

NORTHCOTT, Circuit Judge. On August 3, 1926, one Pontiac sedan automobile, No. 18935, was seized by federal prohibition agents in Rockingham county, North Carolina, and upon seizure it was found to contain 35 gallons of alcoholic liquor upon which the tax had not been paid. The seizure was reported as made under section 3450 of the Revised Statutes (26 USCA §§ 1181, 1182; Comp. St. § 6352), and was so reported by the agents making it. On October 4, 1926, the judge of the United States District Court for the Western District of North Carolina, on motion of the United States attorney, entered an order condemning and forfeiting said automobile under section 26 of title 2 of the National Prohibition Act (27 USCA § 40), and, acting on request from the Secretary of the Treasury, as provided by section 2 of the Act of Congress of March 3, 1925 (27 USCA § 42), ordered the said automobile to be turned over to the prohibition administrator for the Eighth prohibition division, for use in the enforcement of the National Prohibition Act. The order of forfeiture recites the seizure of the car; that it contained 35 gallons of illicit whisky when seized; that the prohibition administrator had advertised for a claimant according to law; that the Secretary of the Treasury had requested the car for use in the enforcement of the National Prohibition Act, and that forfeiture was made on motion of the United States attorney. The order fails to show the filing of any libel or other like proceeding.

On March 18, 1927, the appellant filed a motion to set aside the order of condemnation, and presented a petition praying that it be allowed to intervene and set up an alleged prior lien on said automobile. Appellant's claim was based on a contract for the conditional sale of the car in question, on which contract there was due and unpaid the sum of $592. The contract had not been registered before the seizure. The judge below denied the petition, and denied and dismissed the motion, from which order this appeal was taken, the appellant assigning a number of errors; among them that the judge below erred in ordering the forfeiture of the car under the National Prohibition Act, when it was seized under section 3450, R. S. U. S.; that the person in charge of the car at the time it was seized had not been arrested or convicted for violating the National Prohibition Act (27 USCA); that the advertisement of the seizure had not been published according to law; that the appellant had no notice of the forfeiture proceeding as required by law; that no proper action had been taken to forfeit the car by the filing of a libel or other like proceeding; and that the court below erred in dismissing appellant's petition.

[1] This court has held that an automobile may be seized for violation of section 3450, Revised Statutes, and proceeded against under section 26 of title 2 of the National Prohibition Act, or vice versa, and that the report or action of the seizing officers does not bind the government to an election as to which section may be used in the forfeiture proceeding. In United States v. Commercial Credit Co., 20 F.(2d) 519, Judge Parker, of this court, in an able opinion discusses this question in the light of Mr. Justice Brandeis' decisions in the cases of the United States v. One Ford Coupé Automobile, 272 U. S. 321, 47 S. Ct. 154, 71 L. Ed. 279, 47 A. L. R. 1025; and Port Gardner Investment Company v. United States, 272 U. S. 564, 47 S. Ct. 165, 71 L. Ed. 412. Judge Parker says:

"The United States attorney is the law officer authorized to speak in behalf of the government. It would greatly hamper him in the performance of his duties to be bound by the conclusions of prohibition agents and United States commissioners. Let a case be supposed where a seizure has been made and a warrant issued under the National Prohibition Act, but where the parties charged are not guilty of violating that act, but are

guilty of a violation of the internal revenue laws and have incurred a forfeiture thereunder. Is the district attorney in such case to be precluded from proceeding with a proper prosecution, and are the guilty parties to escape, because of the mistaken action of the prohibition agent and the commissioner? Or, in case the act complained of constitutes a violation of both the revenue laws and the Prohibition Act, and a warrant is issued under the latter, but it becomes impossible to secure a conviction thereunder because of the escape of the guilty party, are the hands of the government to be tied, so that it cannot proceed to enforce the forfeiture against the property incurred by violation of the revenue laws, merely because a prohibition agent has secured a warrant under the Prohibition Act? To ask these questions is to answer them; and to our minds they demonstrate the unsoundness of the suggestion that, by action of a prohibition agent or a United States commissioner, the government is to be held to have made an election of remedies, and is to be precluded from prosecuting crimes denounced by its laws or forfeitures incurred thereunder. The fact that the statute directs that, upon an arrest and seizure under the Prohibition Act, the officer of the law shall proceed against the person arrested, in a court of competent jurisdiction, manifestly was not intended to preclude a prosecution for other crimes of which the person arrested might be guilty, or to make such action by the officer an election by the government to proceed under the Prohibition Act instead of under the internal revenue laws, if the act of which accused was guilty constituted a violation of both."

Under these authorities it seems clear that the automobile could have been seized under either section 3450 or the National Prohibition Act, and be proceeded against by the proper law officers of the United States under either of the sections that seemed to him to be proper.

[2] Having by its proper officers elected to proceed under the National Prohibition Act, the government is, of course, bound to comply strictly with the provisions of that act concerning forfeitures. The provision under which the forfeiture was ordered is the latter part of section 26 of title 2 (Comp. St. § 10138½mm) of the National Prohibition Act, and reads as follows:

"If, however, no one shall be found claiming the team, vehicle, water or air craft, or automobile, the taking of the same, with a description thereof, shall be advertised in some newspaper published in the city or county where taken or if there be no newspaper published in such city or county, in a newspaper having circulation in the county, once a week for two weeks and by handbills posted in three public places near the place of seizure, and if no claimant shall appear within ten days after the last publication of the advertisement, the property shall be sold and the proceeds after deducting the expenses and costs shall be paid into the treasury of the United States as miscellaneous receipts."

It is not necessary to cite authorities to the effect that these provisions must be strictly complied with, and it is admitted in this case that there were no handbills posted near the place of seizure, and that the notice was published two times, on the 6th and 8th of September, in a newspaper published in Rockingham county. It seems clear that there was no substantial compliance with the requirements above set out as to advertising and posting.

[3] It is also admitted that the prohibition agents in charge of the car, after its seizure, had notice of the claim of the appellant; had informed agents of appellant that the seizure had been made under section 3450, R. S.; and that no notice of the proceeding to forfeit the automobile was given appellant in any way. Section 39 of title 2 (Comp. St. § 10138½z [27 USCA § 62]) of the National Prohibition Act provides as follows:

"*Summons to Citizens Whose Property Rights may be Affected.* In all cases wherein the property of any citizen is proceeded against or wherein a judgment affecting it might be rendered, and the citizen is not the one who in person violated the provisions of the law, summons must be issued in due form and served personally, if said person is to be found within the jurisdiction of the court."

It would seem, in view of the fact that the government's agents knew of the claim of the appellant, that fair dealing would have required some notice to appellant of the proceeding to forfeit. Certainly the government and its officers can do no less than to accord to the parties at interest that same fair dealing and good faith that is required in dealings with the government and its agents. In no other way can the enforcement of the law be made wholesomely respected.

[4, 5] In the case of United States v. One Ford Coupé Automobile, supra, is found a full and complete discussion by Mr. Justice Brandeis of many questions involved in the forfeiture of automobiles under the two sections in question. As there can be no doubt that a proceeding for a forfeiture of this kind is a proceeding in rem, therefore, in order

23 F.(2d)—51

to acquire jurisdiction, the court may not rely alone upon the seizure of the prohibition agents, but there should be a libel filed, or other appropriate proceeding had. This was not done in this case, but the order as entered was based solely upon the seizure of the prohibition agent. This was erroneous. There is, of course, no question but that, in a proper case, the court has a right to turn an automobile over to the prohibition department for its use, upon request of the Secretary of the Treasury, but no such proper proceeding was had in this case.

[6,7] The government contends that, because the contract of sale held by the appellant was not recorded, it was not effective against the claim of the United States for forfeiture, and that under the North Carolina registration statute (C. S. § 3308 et seq., as amended), requiring the registering of such contracts to make them valid, as against creditors or purchasers for value, the failure to register renders appellant's lien void as against the government's claim of forfeiture. We cannot accept this view.

Such laws, and in this the North Carolina law is specific, are designed for the protection of creditors or purchasers for value, without notice, and the government of the United States, in a forfeiture proceeding of this kind, does not come under either class. State v. Hall, 91 W. Va. 648, 114 S. E. 250; Motor Co. v. Jackson, 184 N. C. 328, 114 S. E. 478; United States v. Torres (D. C.) 291 F. 138. In the case last cited, in an able opinion, Judge Soper discusses this question, and properly, we think, reaches the conclusion that, even in the absence of recordation, the rights of the United States as defined by the National Prohibition Act are subordinated to the rights of bona fide lienors without notice of the illegal use of the carrying vehicle.

[8] Again, it is contended on behalf of the government that the appellant was guilty of laches in delaying to set up its claim until March 18, 1927, when the order of forfeiture was entered on October 4, 1926. Appellant was informed more than once by agents making the seizure that the automobile had been seized under section 3450, Revised Statutes, and, had the automobile been proceeded against under that section, the rights of lienors would not have been recognized. Appellant did not know of the proceeding under the National Prohibition Act until immediately before the filing of its petition. The government could have notified appellant of the action taken at any time, but did not do so, and appellant acted immediately on learning the true situation. Under these circumstances, we do not feel that the charge of laches can properly be laid at appellant's door.

The government had the use of the car in question from the date of the order of forfeiture, and it is admitted that it had greatly deteriorated in value, by such use, since the order of forfeiture was entered.

We are of the opinion that the court below was in error, as above set out, and that its action in dismissing appellant's petition and denying appellant's motion was erroneous. The order of the District Court is therefore reversed, and this cause is remanded to the court below for further action in accordance with the principles laid down in this opinion.

Reversed.