660 F.2d 91
 The PRESIDENT AND DIRECTORS OF GEORGETOWN COLLEGE, Appellant,
v.
Dennis W. MADDEN, John M. Walton, Seymour Auerbach, Victor
R. Beauchamp Associates, Inc., Reliance Insurance
Company, Anchor Associates, Inc., Edward
J. Scullen, Alvin Marchigiani,
Appellees.
The PRESIDENT AND DIRECTORS OF GEORGETOWN COLLEGE, Appellees,
v.
Edward M. CROUGH, as Trustee for Victor R. Beauchamp
Associates, Inc., Appellant,
and
Dennis W. Madden; John M. Walton; Seymour Auerbach; Reliance
Insurance Company; Anchor Associates, Inc.; Edward
J. Scullen; Alvin Marchigiani, Defendants.
The PRESIDENT AND DIRECTORS OF GEORGETOWN COLLEGE, Appellees,
v.
RELIANCE INSURANCE COMPANY, Appellant,
and
Dennis W. Madden; John M. Walton; Seymour Auerbach; Victor
R. Beauchamp Associates, Inc.; Anchor Associates,
Inc.; Edward J. Scullen; Alvin
Marchigiani, Defendants.
 Nos. 80-1798, 80-1891, 80-1892.
 United States Court of Appeals,
Fourth Circuit.
 Argued June 3, 1981.
Decided Sept. 11, 1981.
 
 Barry S. Simon, Washington, D. C. (Aubrey M. Daniel, III, Williams & Connolly, Washington, D. C., on brief), for appellant in 80-1798.
 Tarrant H. Lomax, Washington, D. C. (Paul M. Rhodes, Gregory J. Miner, Rhodes, Dunbar & Lomax, Washington, D. C., Chartered on brief), for appellant in 80-1891.
 Richard H. Nicolaides, Washington, D. C. (John F. Wilson, Jr., Paul B. Cromelin, III, Kelly & Nicolaides, Washington, D. C., on brief), for appellant in 80-1892.
 Howard C. Goldberg, Baltimore, Md. (Michael James Kelly, Smith, Somerville & Case, J. Snowden Stanley, Bruce R. Parker, Semmes, Bowen & Semmes, J. Frederick Motz, Ronald B. Sheff, Baltimore, Md., Venable, Baetjer & Howard, Washington, D. C., on brief), for appellees.
 Before WINTER, Chief Judge, and RUSSELL and WIDENER, Circuit Judges.
 PER CURIAM:
 
 
 1
 The President and Directors of Georgetown College (Georgetown) brought this diversity action against the architects (Auerbach, Madden, and Walton), structural engineers (Scullen and Marchigiani), general contractor (Victor R. Beauchamp Associates, Inc.), masonry subcontractor (Anchor Associates, Inc.), and surety (Reliance Insurance Company) involved in the construction of Harbin Hall, a dormitory on the campus of Georgetown University, which was built during the years 1963 through 1966. Georgetown filed suit on August 25, 1977, in the United States District Court for the District of Maryland, seeking damages for alleged defects in the design and construction of the dormitory, the surface brick of which had undergone spalling, cracking, and bulging. Georgetown claimed that it first discovered the defective condition in the masonry work in September 1976.
 
 
 2
 Georgetown's amended complaint contained five counts. Count one alleged that Beauchamp had breached the construction contract. Count two alleged that Beauchamp's and Anchor's work on the Hall was performed negligently. Count three alleged that Beauchamp and Reliance (the successor in interest to Standard Accident Insurance Company) had breached a performance-payment bond executed by Standard, as surety, and Beauchamp, as principal, for the benefit of Georgetown. Count four alleged negligent design and negligent supervision of construction by the architects. Count five alleged negligence by all the defendants under the theory of res ipsa loquitur. Georgetown also filed a third-party complaint alleging negligent design and supervision of construction by the structural engineers. Reliance filed a cross-claim against Beauchamp seeking indemnification and exoneration should it be held liable to Georgetown on the performance bond. Because Beauchamp's corporate charter had been forfeited in 1973, copies of Georgetown's complaint and Reliance's cross-claim against Beauchamp were served on Edward M. Crough, who was a director of Beauchamp at the time of the forfeiture.
 
 
 3
 Several of the district court's orders are sought to be reviewed on these appeals. On January 27, 1978, the district court denied Crough's motion to quash service of process. By a memorandum opinion dated September 24, 1980, it granted the architects', engineers', and general contractor's motions for summary judgment on Georgetown's tort claims, denied Reliance's motion for summary judgment on Georgetown's claim against it under the performance bond, granted Crough's motion for summary judgment on Georgetown's breach of contract claim against Beauchamp, denied Crough's motion to dismiss Reliance's cross-claim against Beauchamp, and denied Crough's motion for summary judgment on all of Georgetown's claims against him as trustee of Beauchamp's assets.
 
 
 4
 With two exceptions, discussed below, the district court took the appropriate steps under 28 U.S.C. § 1292(b) and Federal Rule of Civil Procedure 54(b) to permit immediate appeals from its various orders, and we allowed the appeals. No. 80-1798 is Georgetown's appeal from the district court's grant of summary judgment for the architects, engineers, and general contractor. No. 80-1891 is Crough's appeal from the district court's denial of his motion to quash service of process and, purportedly, from its denial of his motion for summary judgment on Georgetown's claims against him and from its denial of his motion to dismiss Reliance's cross-claim against Beauchamp. No. 80-1892 is Reliance's appeal from the district court's denial of its motion for summary judgment on Georgetown's claim against it under the performance bond.
 
 I.
 
 5
 The district court held that Georgetown's tort claims against the architects, engineers, and general contractor were barred by § 12-310 of the District of Columbia Code, which provides in pertinent part:
 
 
 6
 any action ... to recover damages for ... injury to real or personal property ... resulting from the defective or unsafe condition of an improvement to real property ... shall be barred unless ... such injury occurs within the ten-year period beginning on the date the improvement was substantially completed ....
 
 
 7
 D.C.Code Ann. § 12-310(a)(1)(1973). The statute does not apply to "any action based on a contract, express or implied ...." Id. s12-310(b)(1). Although Georgetown filed suit in Maryland, the district court applied § 12-310 because it found that that provision was substantive rather than procedural and would, therefore, have been applied by a Maryland court as the law of the place where the injury occurred in lieu of the relevant Maryland limitations provision, Md.Cts. & Jud.Proc.Code Ann. § 5-108 (1973) (twenty-year limitation period).
 
 
 8
 Georgetown challenges both aspects of the district court's ruling. First, it argues that § 12-310 is procedural rather than substantive and therefore Maryland's limitation period should have been applied. Second, even if § 12-310 is characterized as substantive, Georgetown contends, it should not bar Georgetown's action (a) because the action is based on a contract, (b) because it seeks damages for the design and construction deficiencies themselves rather than for injuries "resulting from" those deficiencies, and (c) because it suffered injury within the ten-year period, when the wall was built in 1964, even though it did not discover the defects until 1976.
 
 
 9
 We are unpersuaded by these arguments, and hold that the district court did not err in applying § 12-310 to bar Georgetown's tort claims. Georgetown's argument that § 12-310 should be characterized as procedural is refuted by the overwhelming weight of authority holding that statutes similar to that provision are substantive rather than procedural. E. g., Rosenberg v. Town of North Bergen, 61 N.J. 190, 293 A.2d 662 (1972); Overland Const. Co. v. Sirmons, 369 So.2d 572 (Fla.1979). In only one reported case has a court held otherwise, Regents of the University of California v. Hartford Accident and Indemnity Co., 21 Cal.2d 624, 147 Cal.Rptr. 486, 581 P.2d 197 (1978). While there is no direct Maryland authority, c. f. Allentown Plaza Associates v. Suburban Propane Gas Corp., 43 Md.App. 337, 338 n.2, 405 A.2d 326 (1979) (dictum), the many cases in other jurisdictions characterizing statutes similar to § 12-310 as substantive rather than procedural lead us to conclude that a Maryland court would also characterize § 12-310 as substantive.
 
 
 10
 The premise of Georgetown's proposed interpretation of § 12-310, an interpretation under which Georgetown's claims would not be barred, is that Congress did not intend that the statute would apply to actions brought by owners of buildings against design professionals for defects in the construction of the buildings. Because we think that premise faulty, we reject Georgetown's asserted interpretation of § 12-310 and hold that that provision applies to, and bars, Georgetown's tort claims. In enacting § 12-310, Congress sought to place reasonable limitations on the tort liability of persons and firms involved in the design and construction of improvements to real property. The legislative history with regard to the consideration and passage of the bills that became § 12-310 shows that Congress was concerned with the tort liability of architects, engineers, contractors, and other members of the building industry to all persons, to owners as well as to third parties. See, e. g., 118 Cong.Rec. 36940-41 (1972). There is nothing in the history supporting Georgetown's argument that Congress intended to exempt from § 12-310 tort actions brought by owners for defects in their buildings caused by negligent design or construction of the improvement. Accordingly, we affirm the district court's ruling on this issue.
 
 II.
 
 11
 Reliance moved for summary judgment on Georgetown's claim against it under the performance bond it executed as surety. Acknowledging that the twelve-year statute of limitations for specialties applied to this claim, see Md.Cts. & Jud.Proc.Code Ann. § 5-102(a)(2) (1980), Reliance argues that Georgetown did not file its action within that period because its cause of action accrued when the allegedly defective wall at the Hall was built in 1964, and not in 1966, when the Hall was completed and final payment was made by Georgetown. Reliance also contends that Georgetown's claim was time-barred by a provision of the construction contract which, it contends, altered the twelve-year statute of limitations. That provision stated: "The Contractor shall remedy any defects in the work and pay for any damage to other work resulting therefrom, which shall appear within a period of one year from the date of final acceptance of the work ...."
 
 
 12
 The district court rejected both arguments and correctly denied Reliance's motion. First, the provisions of the contract between Georgetown and Beauchamp, which Reliance's bond incorporates by reference, show that that contract was indivisible, that no suit for damages could have been instituted by Georgetown until the agreed date for full performance (the delivery of a completed building), and that, therefore, Georgetown's cause of action accrued and the limitation period on it began to run only when Beauchamp delivered and Georgetown accepted the Hall as completed. Because that occurred in June 1966 and Georgetown filed suit in August 1977, Georgetown's claim against Reliance under the bond was timely under the twelve-year limitation period for specialties. Second, the statutory language quoted above did not create a one-year limitation on suit by Georgetown against Reliance. It simply gave Georgetown certain rights against Beauchamp for one year after the completion of the building; it did not affect any other remedies available to Georgetown after that time.*
 
 III.
 
 13
 The district court ruled that Georgetown could sue Beauchamp under the performance bond, which was executed for the benefit of Georgetown, as obligee, by Reliance, as surety, and Beauchamp, as principal. Crough challenges this ruling, arguing that, as principal, Beauchamp cannot be held liable under the bond. This argument is meritless. The first paragraph of the bond provides that, "We (Reliance and Beauchamp) bind ourselves ... jointly and severally ...." This language establishes that the parties to the bond intended that Beauchamp would be liable to Georgetown under the bond and this was entirely proper under suretyship law. See J. Stearns, The Law of Suretyship § 8.26, at 294 (Elder's rev. 5th ed. 1951).
 
 IV.
 
 14
 As well as alleging that Beauchamp was liable to it under the performance bond, Georgetown claimed that Beauchamp had breached the construction contract and, because that contract was under seal, Beauchamp could be sued for that breach even though the normal three-year limitation period for such actions had passed when Georgetown filed its complaint. Compare Md.Cts. & Jud.Proc.Code Ann. § 5-101 (1980) (three-year limitation period for breach of contract actions) with id. § 5-102(a)(1) (twelve-year limitation period for actions on contracts under seal). The district court granted Beauchamp's motion for summary judgment on this claim because it found that the construction contract was not under seal.
 
 
 15
 The signature page of the contract between Beauchamp and Georgetown contains the word "(Seal)" in two places and is impressed with the corporate seals of Georgetown and Beauchamp. In the absence of other evidence that the parties to the contract intended it to be under seal, we agree with the district court that the contract should not be characterized as having been executed under seal. The fact that a corporate seal appears on an instrument does not make the instrument a specialty; corporations often use the seal as authentication that officers who execute documents are acting on behalf of the corporation and have been duly authorized to do so. See Gildenhorn v. Columbia Real Estate Title Insurance Co., 271 Md. 387, 398, 317 A.2d 836, 842 (1974). The contract at issue here did not contain the familiar phrases, "witness my hand and seal," or "signed and sealed," nor did its body refer to the fact that it was under seal. Without such indications that the parties intended to make the contract a sealed instrument, the combination of the word "(Seal)" and the corporate impressions was insufficient to establish such an intention.
 
 V.
 
 16
 Beauchamp's corporate charter was repealed, annulled, and forfeited in 1973 because it had failed to file an annual report and pay its franchise taxes. At the time of the forfeiture, Crough was a director of Beauchamp. Georgetown's complaint was served on Crough and he filed a motion to quash service of process. He argued that because Beauchamp's corporate existence had come to an end, his responsibilities as a director had also ended. The district court denied the motion, reasoning that Crough, as a former director, was a trustee of Beauchamp's assets and was obligated to satisfy claims that Georgetown could prove were existing debts of Beauchamp when its charter was forfeited.
 
 
 17
 The district court was correct in denying Crough's motion. Under Md.Ann.Code art. 23, § 78 (1957) (current version at Md.Corp. & Ass'ns Code Ann. §§ 3-410 & 3-516 (1980)), when the charter of a Maryland corporation has been forfeited, the directors of the corporation become trustees of its assets and are empowered to apply the assets "to the payment, satisfaction and discharge of existing debts and obligations of the corporation ...." Id. § 78(b). That section also provides that the "director-trustees" may "be sued in their own names as trustees, or, notwithstanding (the dissolution of the corporation), in the name of the corporation ...." Id. The statute applies to forfeitures as well as voluntary dissolutions, see Cloverfields Improvement Association v. Seabreeze Properties, Inc., 280 Md. 382, 373 A.2d 935 (1977); Callahan v. Clemens, 184 Md. 520, 41 A.2d 473 (1945), and, therefore, it was appropriate under the statute to serve Crough with Georgetown's complaint.
 
 VI.
 
 18
 Crough moved for summary judgment on Georgetown's claims against him on the grounds that Georgetown's claims were barred by the statute of limitations, that no assets of Beauchamp remain, and that no claims by Georgetown existed when Beauchamp's charter was forfeited. He also moved to dismiss Reliance's cross-claim against Beauchamp. The district court denied these motions and Crough seeks to appeal.
 
 
 19
 A district court's order denying a motion for summary judgment or denying a motion to dismiss is interlocutory and may be appealed only (a) if the district court certifies under 28 U.S.C. § 1292(b) that the order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, and (b) if the court of appeals permits such an appeal. While the district court, pursuant to 28 U.S.C. § 1292(b), certified an interlocutory appeal of Crough's motion to quash service of process, it made no certification with regard to its denial of Crough's motion for summary judgment or its denial of his motion to dismiss Reliance's cross-claim against Beauchamp. See The President and Directors of Georgetown College v. Dennis W. Madden, et al., 505 F.Supp. 557, at 600 (D.Md.1980). Accordingly, the district court's orders denying Crough's motion for summary judgment as to Georgetown's claims and his motion to dismiss Reliance's cross-claim in No. 80-1891 are not appealable and we must dismiss the purported appeals therefrom as not properly before us.
 
 
 20
 Nos. 80-1798 and 80-1892: AFFIRMED.
 
 
 21
 No. 80-1891: AFFIRMED IN PART; APPEAL DISMISSED IN PART.
 
 
 
 *
 Reliance also argues that Georgetown cannot assert a claim against it under the bond because the progress payments made by Georgetown to Beauchamp during the construction of the Hall constituted an acceptance by Georgetown of the work completed at the time of each payment. Because Reliance did not advance this argument before the district court we decline to consider it. See Howard v. Federal Crop Ins. Corp., 540 F.2d 695, 699 (4 Cir. 1976)