867 F.2d 609
 1989 A.M.C. 1040
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
SOUTH CAROLINA STATE PORTS AUTHORITY, Plaintiff-Appellee,
v.
SMITH & KELLY COMPANY, Defendant-Appellant.
 No. 88-3085.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Oct. 27, 1988.
Decided: Jan. 12, 1989.
 
 W. Jefferson Leath, Jr. (Young, Clement, Rivers & Tisdale), for appellant.
 William H. Vaughan, Jr., Philip L. Lawrence (Vaughan, Robson & Lawrence), for appellee.
 Before WIDENER, K.K. HALL and ERVIN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Smith & Kelly Company, a shipping agent, appeals from the district court's denial of its motion to dismiss for lack of admiralty jurisdiction. Smith & Kelly contends that this order is immediately appealable under the collateral order doctrine established by Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541 (1949), because the district court's order had the effect of denying Smith & Kelly its right to a jury trial and would be unreviewable on appeal. For the reasons discussed below, we find that the collateral order doctrine does not apply and that we lack jurisdiction to hear this appeal.
 
 
 2
 The collateral order doctrine is "extraordinarily limited" in its application and should not be construed expansively. Pan Eastern Exploration Co. v. Hufo Oils, 798 F.2d 837, 839 (5th Cir.1986). This Court has held that, in general, orders denying motions to dismiss or motions for summary judgment are not appealable under the collateral order doctrine. President and Directors of Georgetown College v. Madden, 660 F.2d 91 (4th Cir.1981); Valdosta Livestock Co. v. Williams, 316 F.2d 188 (4th Cir.1963).
 
 
 3
 To be appealable under the collateral order doctrine, an order must conclusively determine the disputed matters, must resolve an important issue completely separate from the merits of the main action, and must be effectively unreviewable on appeal from a final judgment. Cohen, 337 U.S. at 545-47. We do not believe that the order at issue satisfies these criteria.
 
 
 4
 First, it does not appear that the district court's order, which found that admiralty jurisdiction existed in this case, deals with an issue which is collateral or separable from the main litigation. Cohen suggests that one test of separability is whether the issue sought to be appealed is capable of decision without reference to the merits of the main claims of the case. See 15 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure Sec. 3911, 480. As the parties' briefs make clear, the question of whether admiralty jurisdiction exists is inextricably intertwined with the merits of the case. Since the district court's finding that admiralty jurisdiction did indeed exist was undeniably a step towards the disposition of the merits of the case, it is difficult to see how this order can be considered collateral.
 
 
 5
 Second, there appears little reason why this order would not be subject to effective review on appeal from a final judgment. Jurisdictional questions may be raised at any stage of the litigation. If, on appeal from final judgment, this Court found that admiralty jurisdiction did not exist, a new trial with a jury could be held. In short, there is no indication that a denial of immediate review of this order poses a serious risk of irreparable loss to Smith & Kelly. Accordingly, we find that the collateral order doctrine fails to provide this Court with jurisdiction over this appeal.
 
 
 6
 Nor do we believe that jurisdiction exists under the statute governing interlocutory appeals in admiralty cases, 28 U.S.C. Sec. 1292(a)(3). Denial of a motion to dismiss for lack of admiralty jurisdiction does not provide a basis for immediate appeal under the terms of this statute. Jack Nielson, Inc. v. Tug Peggy, 428 F.2d 54 (5th Cir.1970), cert. denied, 401 U.S. 955 (1971).
 
 
 7
 For the foregoing reasons, we dismiss this appeal for lack of jurisdiction. We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 8
 DISMISSED.