CITY OF BLUEFIELD, WEST VIRGI-
NIA, a Municipal Corporation, Acting
By and Through The SANITARY
BOARD OF BLUEFIELD, WEST VIR-
GINIA, Plaintiff,

v.

AUTOTROL CORPORATION, Babcock
International p.l.c., Babcock Interna-
tional Inc., Babcock International
Holdings Limited, Defendants.

CITY OF BLUEFIELD, WEST VIRGI-
NIA, A Municipal Corporation, Acting
By and Through The SANITARY
BOARD OF BLUEFIELD, WEST VIR-
GINIA, Plaintiff,

v.

BABCOCK CONTRACTORS,
INC., Defendant.

Civ. A. Nos. 1:86-0742, 1:87-0715.

United States District Court,
S.D. West Virginia,
at Bluefield.

Sept. 21, 1989.

Norris Kantor, Katz, Kantor & Perkins, Bluefield, W. Va., and Christopher Buckley, Beveridge & Diamond, Washington, D.C., for plaintiff.

Richard Rinaldo, Eckert, Seamans, Cherin & Mellott, Pittsburgh, Pa., for Babcock Contractors, Inc.

Edgar Poe, Jr., Shuman, Annand & Poe, Charleston, W. Va., for Autotrol Corp.

Gerard Stowers, Bowles, McDavid, Graff & Love, Charleston, W. Va., for Babcock Intern. p.l.c. and Babcock Intern. Inc.

## ORDER

HALLANAN, District Judge.

This matter is before the Court via the motion of Defendant Babcock Contractors, Inc., in Civil Action 1:87–0715, to dismiss Complaint. After careful consideration the Court is prepared to rule on this motion.

This Defendant asserts two grounds for its motion to dismiss Complaint. First, the Defendant contends that service of process is deficient and, second, that the statute of limitations bars the maintenance of this action. The Court will address each of these contentions in order.

### I.

### *Service of Process*

The Court finds that the Plaintiff properly served this Defendant. Although the Plaintiff attempted service of process upon this Defendant in various ways, the Plaintiff properly served this Defendant pursuant to W.Va.Code § 31–1–15 when it served the West Virginia Secretary of State. The Defendant attempts to invalidate this service because the Plaintiff did not post a bond pursuant to W.Va.Code § 56–3–33(c). The Court does not believe that the Plaintiff needed to post a bond, however. The Plaintiff in its Complaint states that this Defendant was authorized to do business in West Virginia from July 1963 through November 1986 when it received a Certificate of Withdrawal from West Virginia.[1] The Secretary of State may accept service of process against a corporation that has been issued a Certificate of Withdrawal in a contract action if the contract was entered into before withdrawal, and in a tort action if the cause of action arose before withdrawal, *DeBoard v. B. Perini and Sons, Inc.*, 140 W.Va. 833, 87 S.E.2d 462 (1955), both of which circumstances are met here.

Accordingly, for the above reasons, the Defendant's motion to dismiss is hereby ORDERED DENIED to the extent of the foregoing.

### II.

### *Statute of Limitations*

The parties argue that the statutes of limitations of several possible states, namely Pennsylvania, West Virginia and Virginia, govern this action. To determine the applicable state statute of limitations, this Court must look to the conflict of laws rules of the forum state. *Klaxon Co. v. Stentor Elec. Mfg. Co., Inc.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). The Complaint herein sounds in contract and in tort.

---

**1.** In considering a motion to dismiss, the Court will construe the Complaint in a light most favorable to the Plaintiff and will accept its allegations as true. *Caddell v. Singer*, 652 F.2d 393 (4th Cir.1981).

The Plaintiff urges the Court to convert this motion to dismiss into a motion for summary judgment as the Defendant has submitted matters outside of the pleadings in support of its motion to dismiss. Under Fed.R.Civ.P. 12(b), it is within the discretion of the Court to consider the extraneous matters or not, and convert the motion, or not, as appropriate. As the Court did not consider the matters submitted outside of the pleadings, the Court declines to convert this into a motion for summary judgment.

In West Virginia, the principles of lex loci contractus, i.e., the law of the state in which the contract was made and performed governs, has traditionally determined the applicable law as to contract claims. *State v. Hall*, 91 W.Va. 648, 114 S.E. 250 (1922). More recently, however, the West Virginia Supreme Court of Appeals, recognizing the paucity of West Virginia law in this area, has leaned toward the Restatement (Second) of Conflict of Laws in resolving conflict of laws problems. *See General Elec. Co. v. Keyser*, 166 W.Va. 456, 275 S.E.2d 289 (1981); *Lee v. Saliga*, —— W.Va. ——, 373 S.E.2d 345 (1988). The recent trend in West Virginia is to consider not only the place of contracting and the place of performance, but also to consider the most significant relationship test. *See New v. Tac & C Energy, Inc.*, —— W.Va. ——, 355 S.E.2d 629 (1987); *Oakes v. Oxygen Therapy Services*, —— W.Va. ——, 363 S.E.2d 130 (1987); *Lee v. Saliga, supra.*

The Restatement (Second) of Conflict of Laws (1971), which the Supreme Court of Appeals has cited with approval, provides at § 188 additional standards to consider in determining the applicable law in contract actions where the parties did not designate that the law of a particular state apply, as in the instant case. Relevant factors under § 188 include the following: place of contracting; place of negotiation of the contract; place of performance; location of subject matter of the contract; domicil, residence, nationality, place of incorporation and place of business of the parties; and the state with the most significant relationship to the transaction and the parties.

 As the contract in dispute was between a West Virginia municipal corporation and a corporation authorized to do business in West Virginia, and in fact at one time maintaining an office in Beckley, West Virginia, the Court deems it plausible to conclude that the contract was entered into in large part in West Virginia and was negotiated in large part in West Virginia. The place of performance, for the most part, was Virginia and West Virginia. The subject matter of the contract was in Virginia. The domicil, residence, nationality, place of incorporation and place of business of the Plaintiff is West Virginia, and that of the Defendant Pennsylvania, Connecticut and West Virginia. The state with the most significant relationship to the contract at issue is West Virginia. Although Virginia benefited by the contract between the Plaintiff and the Defendant, the Plaintiff issued bonds to finance the project at issue, the Environmental Protection Agency gave a grant to the Plaintiff for seventy-five percent of the total cost, and the Plaintiff defended an enforcement action brought by the State Water Control Board of the Commonwealth of Virginia. Given the foregoing, the Court finds it appropriate to conclude that the law of West Virginia applies to the claims sounding in contract, Count I of the Complaint.[2]

 In West Virginia, the law of the place of wrong applies in tort actions. *Perkins v. Doe*, —— W.Va. ——, 350 S.E.2d 711 (1986). The place of the wrong for purposes of the tort claims is Virginia, the location of the Bluestone Storm Holding and Flow Equalization Facility and the Westside Sewage Treatment Plant (hereinafter "Facility" and "Plant" respectively), deficiencies in the construction of which structures the Plaintiff brings suit. Thus Virginia law will govern the tort claims herein, Counts II, III and IV of the Complaint.[3]

---

2. The Defendant urges the Court to construe the entirety of Plaintiff's Complaint as one in negligence. While the Court acknowledges the Defendant's interpretation, in passing on a motion to dismiss the Court should favorably construe to the pleader the allegations of the Complaint. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). Moreover, the West Virginia Supreme Court of Appeals has held that a complaint which can be construed as being either on contract or in tort will be presumed to be on contract if the tort statute of limitations would bar the action. *Cochran v. Appalachian Power Co.*, 162 W.Va. 86, 246 S.E.2d 624 (W.Va. 1978).

3. The Court construes the claims for breach of express and implied warranties as sounding in tort. Unable to find a West Virginia case on point, the Court found guidance in *Federal Reserve Bank of Richmond v. Wright*, 392 F.Supp. 1126 (E.D.Va.1975), a case resembling the in-

■ The Court must next determine the appropriate statutes of limitations to apply. The Court will apply the appropriate West Virginia statute of limitations as to Count I as the Court has determined that the contract causes of action accrued in West Virginia. Where a claim such as the tort claims herein accrued beyond state boundaries, this Court under West Virginia law must apply the shorter limitation, West Virginia or Virginia. W.Va.Code § 55–2A–2.

■ The Plaintiff argues that W.Va. Code § 55–2–6a or 42 Pa.C.S.A. § 5536 applies to determine the appropriate period within which the Plaintiff must have brought suit. These provisions the Plaintiff labels construction statutes of limitations. These provisions are commonly known as architects' and builders' statutes of repose. These statutes have been enacted in many jurisdictions in response to the demands of architects, engineers and contractors that they be provided with immunity from suit after a reasonable period of time from the completion of their work on an improvement to real property. *See* Limitation of Action Statutes for Architects and Builders—Blueprints for Non-action, 18 Cath.U.L.Rev. 361 (1969). The Pennsylvania statute establishes a twelve year period and the West Virginia statute a ten year period. The Defendant argues that these statutes are merely outside limits within which the regular statutes of limitations for tort and contract operate. This Court finds the Defendant's position well-taken and concludes that these architects' and builders' statutes of repose are outside limits within which the tort and contract statutes of limitations operate. An architects' and builders' statute of re-

pose extinguishes a party's substantive right to bring suit after a specified time period irrespective of the time of the party's injury, with traditional statutes of limitations operating within this outer limit. The majority of jurisdictions so interpret these statutes. *See, e.g., President and Directors of Georgetown College v. Madden,* 505 F.Supp. 557 (1980), *aff'd in part and appeal dismissed in part,* 660 F.2d 91 (4th Cir.1981); *Federal Reserve Bank of Richmond v. Wright,* 392 F.Supp. 1126 (E.D.Va.1975); *Grissom v. North Am. Aviation, Inc.,* 326 F.Supp. 465 (M.D.Fla.1971); *Comptroller of Va. ex rel. Virginia Military Inst. v. King,* 217 Va. 751, 232 S.E.2d 895 (1977); *Lavery v. Automation Mgmt. Consultants, Inc.,* 234 Va. 145, 360 S.E.2d 336 (1987); *O'Connor v. Altus,* 67 N.J. 106, 335 A.3d 545 (1975); *Freezer Storage, Inc. v. Armstrong Cork Co.,* 476 Pa. 270, 382 A.2d 715 (1978); *Smith v. American Radiator & Standard Sanitary Corp.,* 38 N.C. App. 457, 248 S.E.2d 462 (1978), *cert. denied,* 296 N.C. 586, 254 S.E.2d 33 (1979), *rev'd on other grounds, Love v. Moore,* 305 N.C. 575, 291 S.E.2d 141 (1982), *reh'g denied,* 306 N.C. 393; *Benning Construction Co. v. Lakeshore Plaza Enter., Inc.,* 240 Ga. 426, 241 S.E.2d 184 (1977).

In applying the appropriate statutes of limitations, the Court will first consider the relevant architects' and builders' statute to see if the outside limit within which to bring suit has expired, and will then apply the conventional statutes of limitations as appropriate. The Court will address the tort causes of action first, Counts II, III and IV.

■ Count II alleges breach of express warranties, Count III alleges breach of im-

---

stant action wherein the court held that the law controlling the duties of an architect in circumstances such as those alleged herein is generally cast in tort language, *see also Richmond Redevelopment & Housing Authority v. Laburnum Const. Corp.,* 195 Va. 827, 80 S.E.2d 574 (1954), and relate to the duty of the Defendant to exercise its skill and ability in the performance of its duties without neglect, *compare Surf Realty Corp. v. Standing,* 195 Va. 431, 78 S.E.2d 901 (1953) (architect must possess and exercise the care of those ordinarily skilled in the business and, in the absence of a special agreement, he is

not liable for fault in construction because he does not guarantee a perfect plan or a satisfactory result); *Donnelly Constr. Co. v. Oberg/Hunt/Gilleland,* 139 Ariz. 184, 677 P.2d 1292 (1984) (design professionals, in the absence of an express guarantee, do not warrant that their work will be accurate, but merely that they have exercised their skills with care and diligence and in a reasonable, non-negligent manner), all of which cause the Court to conclude that the express warranties as well as the implied warranties arise out of tort law.

plied warranties and Count IV alleges negligence/gross negligence. The Court has held that Virginia law applies to the tort claims. *See supra* at 364. The Virginia architects' and builders' statute of repose, Va.Code § 8.01–250, provides, in pertinent part, that

> [n]o action to recover for any injury to property, real or personal, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property, nor any action for contribution or indemnity for damages sustained as a result of such injury, shall be brought against any person performing or furnishing the design, planning, surveying, supervision of construction, or construction of such improvement to real property more than five years after the performance of furnishing of such services and construction.

All work on the Facility and Plant were accepted by the Sanitary Board as complete "on or about June 17, 1981," Complaint at 9, the appropriate date on which to commence the running of the five year period for purposes of § 8.01–250. As this action was instituted on June 26, 1987, more than five years after the furnishing of this Defendant's services, the statute of repose bars the maintenance of Counts II, III and IV, without the necessity of reference to the operation of the customary statutes of limitations.

The Defendant's motion to dismiss is accordingly hereby ORDERED GRANTED as to Counts II, III and IV inasmuch as they are time-barred.

■ Count I sounds in contract. The Court has determined that West Virginia law will apply to these matters. *See supra* at 364. The West Virginia architects' and builders' statute will not apply to determine the timeliness of Count I. The Fourth Circuit has declared, as to the Virginia and District of Columbia architects' and builders' statutes, that the statutes are restricted in their application to tort actions to recover for injury to property or persons, and not to actions in contract. *Fidelity & Dep. Co. of Maryland v. Bristol Steel*, 722 F.2d 1160 (4th Cir.1983); *President and Directors of Georgetown College v. Madden*, 660 F.2d 91 (4th Cir.1981). As the West Virginia architects' and builders' statute is similar in language to the Virginia and District of Columbia statutes, the Court adopts the holding of the Fourth Circuit as to the instant action and will disregard the operation of the West Virginia statute of repose, focussing instead on the relevant conventional statutes of limitations.

■ West Virginia has a ten year statute of limitations for actions on a contract in writing. W.Va.Code § 55–2–7. The Court finds that the ten year statute of limitations governs the breach of contract claims of Count I. As the Plaintiff asserts various allegations within Count I, the Court will address the running of the ten year period as to each allegation. The claim for breach of reasonable care in design accrued on the date of the tender of the allegedly defective plans and designs. *Federal Reserve Bank of Richmond v. Wright*, 392 F.Supp. 1126 (E.D.Va.1975). As the Defendant tendered the designs in late 1974, *see* Complaint at 7, and as suit was not instituted until 1987, this cause of action is barred. The Defendant's motion to dismiss is accordingly hereby ORDERED GRANTED to the extent that the Plaintiff cannot maintain its claim for deficient design.

The claim for negligent performance of the SSES (sewer system evaluation survey) accrued upon its completion. As the SSES was completed in 1978 and suit was instituted in 1987, the ten year statute of limitations is no bar. The Defendant's motion to dismiss is accordingly hereby ORDERED DENIED as to the claim for negligent performance of the SSES.

The claims for negligent provision of construction management services and negligent recommendation as to the acceptance of equipment, occurring over the course of construction, did not therefore accrue until completion of construction in 1981. As suit was instituted within ten years of this date, this cause of action is not barred by the ten year statute of limitations. The Defendant's motion to dismiss is accordingly

hereby ORDERED DENIED to the extent that the Plaintiff may maintain its claims for negligent provision of construction management services and negligent recommendation as to the acceptance of equipment.

IT IS SO ORDERED.