873 F.2d 1438
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Harold K. FANNIN, Plaintiff-Appellee,
v.
CSX TRANSPORTATION, INC., a corporation, Defendant-Appellant.
Dalton L. HOLLEY, Plaintiff-Appellee,
v.
CSX TRANSPORTATION, INC., a corporation, Defendant-Appellant.
Jess W. HALSTEAD, Plaintiff-Appellee,
v.
CSX TRANSPORTATION, INC., a corporation, Defendant-Appellant.
Thomas VERNATT, Jr., Plaintiff-Appellee,
v.
CSX TRANSPORTATION, INC., Defendant-Appellant.
Ralph YOUNG, Plaintiff-Appellee,
v.
CSX TRANSPORTATION, INC., Defendant-Appellant.
James E. MORRIS, Plaintiff-Appellee,
v.
CSX TRANSPORTATION, INC., Defendant-Appellant.
Thurman GEER, Plaintiff-Appellee,
v.
CSX TRANSPORTATION, INC., corporation, Defendant-Appellant.
William L. BROOKS, Plaintiff-Appellee,
v.
CSX TRANSPORTATION, INC., Defendant-Appellant.
Bermin W. NEAL, Plaintiff-Appellee,
v.
CSX TRANSPORTATION, INC., Defendant-Appellant.
Arnold G. MILLER, Plaintiff-Appellee,
v.
CSX TRANSPORTATION, INC., a corporation, Defendant-Appellant.
James S. CARMAN, Plaintiff-Appellee,
v.
CSX TRANSPORTATION, INC., a corporation, Defendant-Appellant.
Robert McCLELLAN, Plaintiff-Appellee,
v.
CSX TRANSPORTATION, INC., a corporation, Defendant-Appellant.
Lloyd NELSON, Plaintiff-Appellee,
v.
CSX TRANSPORTATION, INC., a corporation, Defendant-Appellant.
Charles L. THOMAS, Plaintiff-Appellee,
v.
CSX TRANSPORTATION, INC., a corporation, Defendant-Appellant.
Walter E. POTTER, Plaintiff-Appellee,
v.
CSX TRANSPORTATION, INC., a corporation, Defendant-Appellant.
 No. 88-8120.
 United States Court of Appeals, Fourth Circuit.
 April 26, 1989.
 
 ORDER
 Before PHILLIPS, MURNAGHAN, and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 This matter is before the court on the defendant railroad's motion for leave to appeal an interlocutory order denying its motion for summary judgment. The district court certified the order for interlocutory appeal under 28 U.S.C. Sec. 1292(b). We find that there is presented here no "controlling question of law" ripe for our consideration. We therefore deny the motion for leave to appeal and remand the case for further proceedings.
 
 
 2
 * The fifteen plaintiffs in this case are retired employees of CSX Transportation. They brought the present claims against CSX under the Federal Employers' Liability Act (FELA or the Act), 45 U.S.C. Sec. 51 et seq., seeking damages for hearing losses allegedly caused by long-term on-the-job exposure to excessive noise.
 
 
 3
 CSX's answer to the original complaint alleged that all FELA claims were barred by the following provision of a release agreement earlier executed by each of the plaintiffs in connection with unrelated asbestosis litigation:
 
 
 4
 I ... hereby acknowledge receipt of ________ DOLLARS ... from and on behalf of [CSX] in full settlement and satisfaction of all claims, demands and causes of action hereinafter described, and in consideration of said payment hereby RELEASE and FOREVER DISCHARGE [CSX] ... of and from all liability for all claims for occupational disease or personal injury which arise or were caused directly or indirectly from [my] employment ... with [CSX].... It is the intent of the parties to release any and all claims for personal injury and occupational disease ..., however incurred, which might form the basis of any action under the Federal Employer's Liability Act, the Boiler Inspection Act, or any other law or laws, either state or federal, or an action at common law.... Such claims are by this understanding and agreement expressly released.
 
 
 5
 .............................................................
 
 
 6
 ...................
 
 
 7
 * * *
 
 
 8
 I ... hereby agree, as a further consideration and inducement for this compromise settlement, that this settlement shall apply to all unknown and unanticipated conditions, disabilities and damages, including occupational illnesses or diseases, as well as those now known or suspected resulting from my employment with [CSX].
 
 
 9
 Stipulated Summary Judgment Record, Tab 9 (plaintiffs' release agreements) (emphasis supplied). Shortly after filing its answer, CSX moved for summary judgment, claiming that the "plain language" of the release agreements barred plaintiffs' claims. The plaintiffs filed a response which both opposed CSX's motion and cross-moved for partial summary judgment on the company's release defense. They argued that the releases: (1) were not supported by adequate consideration; (2) were the product of fraud; (3) were executed on the basis of the parties' "mutual mistake" as to the existence of certain claims; and (4) were invalid under Sec. 5 of the FELA.[1]
 
 
 10
 The district court denied both parties' motions and contemporaneously struck plaintiffs' "claim for fraud." Unfortunately, however, the court failed to specify the precise grounds on which it denied the summary judgment motions, saying only that "genuine issues of fact remain extant." The question for us is whether on an interlocutory appeal of the certified order, we could resolve some "controlling question of law," which would "materially advance the ultimate termination of the litigation." 28 U.S.C. Sec. 1292(b).
 
 II
 
 11
 Fully appreciative of Sec. 1292(b)'s salutary purposes, we must nevertheless weigh particular applications with caution: interlocutory review is not to be granted lightly. While it is a prerequisite to our jurisdiction, certification by a district court that an interlocutory order turned on a "controlling question of law" does not require us to grant leave to appeal. The immediate appeal of a certified question is an extraordinary remedy, which may be granted or denied at the sole discretion of the court of appeals. Tidewater Oil Co. v. United States, 409 U.S. 151, 167 (1972); President and Directors of Georgetown v. Madden, 660 F.2d 91, 97 (4th Cir.1981). The statute by its terms requires us independently to determine: (1) whether the lower court's order indeed turned on a "controlling question of law"; (2) whether there is "substantial ground for difference of opinion" with respect to the applicable legal principles; and (3) whether an immediate appeal would "materially advance the ultimate termination of the litigation." See Madden, 660 F.2d at 96-97. In the exercise of our discretion, however, we are also bound "to protect the integrity of the congressional policy against piecemeal appeals." Switzerland Cheese Ass'n v. Horne's Market, Inc., 385 U.S. 23, 25 (1966). We should therefore permit interlocutory appeals under Sec. 1292(b) only from a carefully "limited group of orders," Tidewater Oil, 409 U.S. at 165, and "in exceptional situations in which [doing so] would avoid protracted and expensive litigation." In re Cement Antitrust Litigation (MDL No. 296), 673 F.2d 1020, 1026 (9th Cir.1982), aff'd for lack of quorum sub nom., Arizona v. Ash Grove Cement Co., 459 U.S. 1190 (1983). A prospective appellant, therefore, carries "the burden of persuading the court of appeals that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978) (quoting Fisons, Ltd. v. United States, 458 F.2d 1241, 1248 (7th Cir.1972)).
 
 
 12
 Adherence to these general principles runs into perculiar difficulties posed by the present application.
 
 III
 
 13
 First off, the precise grounds on which the district court denied the parties' cross-motions for summary judgment are not at all clear on the available record. The district court's order does not identify them. Neither did CSX's petition.
 
 
 14
 Clear presentation of the reasons for granting relief under Sec. 1292(b) is an essential part of a prospective appellant's burden to demonstrate the propriety of interlocutory review. Any "missing information" in the district court's substantive rulings or its certification order should therefore be supplied in the first instance by the petitioner.
 
 
 15
 An interlocutory appeal may be heard on the basis of a certification by the district court that includes no more than the language specified in Sec. 1292(b), but the case must present a controlling question of law as to which there is substantial ground for difference of opinion. In deciding whether such a question is presented we "must necessarily rely upon the would-be appellant to supply in his petition, or in a supporting memorandum attached thereto, a certified copy of the challenged order, a concise but adequate presentation of facts showing the proceedings below prior to the challenged order and the proceedings remaining in the district court, and a statement of the precise nature of the controlling question of law involved, together with a brief argument showing the grounds for the asserted difference of opinion and the way in which the allowance of the petition would 'materially advance the ultimate termination of the litigation.' "
 
 
 16
 Clark-Deitz & Assocs.-Eng'rs v. Basic Constr. Co., 702 F.2d 67, 68 (5th Cir.1983) (quoting In re Heddendorf, 263 F.2d 887, 889 (1st Cir.1959) (emphasis supplied). A difficulty here was that CSX framed too broadly the purported "controlling question of law," saying only that the district court's summary judgment rulings turned on determination of "whether the all encompassing language contained within the four corners of the [releases was] sufficient as a matter of law to bar the present action." Petition for Leave to Appeal at 4. That general statement of course begs the dispositive question. It is clear enough that the district court rejected CSX's assertion that the releases unconditionally barred the plaintiffs' FELA claims. What was not so clear from the initial filings was whether the court thereby resolved any "controlling" questions of law whose review at this point would expedite ultimate termination of the case.
 
 
 17
 Faced with so unclear and cursory a presentation of the questions claimed to be "controlling" and appropriate for immediate review, we asked the parties jointly to submit copies of all relevant papers filed in the district court. That supplemented record is now before us.
 
 IV
 
 18
 We first must determine what the district court order decided, hence the issues that would be directly presented for review were we to allow the appeal from that order. As indicated, this is not self-evident from the order itself nor from what CSX has given us. Beyond the difficulty of interpreting the certified order itself, there is a further difficulty flowing from the district court's refusal to certify its contemporaneously, necessarily intertwined order denying the plaintiffs' responsive motion for partial summary judgment striking CSX's entire release defense. In combination, the imprecision of the order certified for appeal and the failure to certify the obviously related order in CSX's favor present a difficult threshold problem of deciding what potentially "controlling questions of law" would properly be before us were we to grant CSX's petition.
 
 
 19
 Certain general principles governing the permissible scope of our review were the appeal allowed can be drawn upon for guidance.
 
 
 20
 First, we would not necessarily be limited to only those questions expressly or implicitly identified as "controlling" by the district court; under Sec. 1292(b), appeal is from the order certified, not from particular rulings embodied within it. Miller v. Bolger, 802 F.2d 660, 666 (3d Cir.1986). Hence, we would be free to consider all grounds properly advanced in the district court for and against the order denying CSX's motion for summary judgment. Id.; Walsh v. Ford Motor Co., 807 F.2d 1000, 1002 n. 2 (D.C.Cir.1986).
 
 
 21
 Second, we would not be free, however, to review questions of law raised by other orders in the case which had not been certified, specifically including the order denying the employees' cross-motion for partial summary judgment "striking the entire release defense." United States v. Stanley, 107 S.Ct. 3054, 3060 (1987) ("Even if ... jurisdiction is not confined to the precise question certified ... [it] is confined to the particular order appealed from."). Under the first-noted principle, however, this would certainly not preclude our review of questions common both to the duly certified order and to others not appealed.
 
 
 22
 Finally, lurking in the wings is another possible constraint on our review powers in this situation. This is the judicial principle that while an appellee who has not cross-appealed may defend a favorable judgment on any ground raised below, even if it was there rejected or overlooked, he may not urge grounds for "enlarging" his own rights or "lessening" his adversary's under the judgment. United States v. American Ry. Express, 265 U.S. 425, 435 (1924). As will appear, that principle could be thought to limit the questions that the plaintiffs-appellees here, who were in effect not permitted to cross-appeal, could present were CSX's petition now granted.
 
 
 23
 With these scope-defining principles in mind, we can analyze the certified order to determine what questions meeting the Sec. 1292(b) criteria might be the subject of review if appeal were allowed. As indicated, the certified order was the product of a ruling on cross-motions: by CSX for summary judgment finally dismissing the action on the basis that the release by its plain terms absolutely barred the employees' claims; and by the employees, in a motion which both resisted CSX's motion and itself sought partial summary judgment, "striking" the release defense, on four alternative grounds--that the release (1) was not supported by adequate consideration, (2) was obtained by fraud, (3) was based on mutual mistake, and (4) was invalid under Sec. 5 of the FELA.
 
 
 24
 While the employees' cross-motion for partial summary judgment was not expressly so limited, it is obvious that only the last ground--invalidity of the release under Sec. 5--conceivably could have been seriously advanced as a basis for summary judgment "striking the release defense" as a matter of law. While the other alternative grounds raised in the employees' responsive filing--lack of consideration, mutual mistake, fraud--also attacked the enforceability of the release, none realistically could have been advanced as a basis for "striking the release defense" as a matter of law. They were obviously advanced at this point only as grounds for denying CSX's motion, by showing that there were genuine issues of material fact respecting the enforceability of the release, for reasons extrinsic to its terms. Indeed, that was the gist of the employees' argument below for denying CSX's motion.
 
 
 25
 Ruling on these cross-motions, the district court could then theoretically have concluded: (1) that Sec. 5 precluded enforcement of the release as a matter of law, in which event the appropriate order would have been the grant of partial summary judgment striking the release defense entirely; (2) that Sec. 5 did not have that effect, in which event the appropriate order would be a denial of the employees' motion for partial summary judgment; (3) that CSX was entitled to summary judgment because the release barred the claims by its plain terms, and the employees had failed to put its enforceability in genuine issue, either on grounds of fraud, lack of consideration, or mutual mistake; or (4) that CSX was not entitled to summary judgment because the employees had succeeded in putting enforceability of the releases in genuine issue on one or more of the grounds advanced in opposition to CSX's motion, in which event the appropriate order would be a denial of CSX's motion.
 
 
 26
 The district court entered a three-pronged order which: (1) denied the employees' cross-motion for partial summary judgment, thereby necessarily deciding that Sec. 5 did not bar enforcement of the release as a matter of law (and, theoretically, that neither was enforcement barred as a matter of law on lack of consideration, mutual mistake, or fraud grounds, if it be considered that these were actually advanced by the employees as grounds for affirmative relief); (2) "struck" the employees' fraud ground for avoiding enforcement of the release, and (3) denied CSX's motion for summary judgment.
 
 
 27
 As indicated, though the employees sought certification of the order denying their motion for partial summary judgment, that was refused. This means that the question of error in the district court's order on the effect of Sec. 5 would not be directly before us, both because not certified and, possibly, because to rule upon it in the employees' favor would "enlarge" their right under the certified order, which is merely the "right" to have the release issue tried to a jury.
 
 
 28
 The portion of the order striking the fraud ground for avoiding the release was not certified and therefore would not be before us.
 
 
 29
 What remains is that portion of the certified order which, as indicated, simply denied CSX's motion for summary judgment. From the foregoing analysis, it appears that the only question that we properly might consider on an interlocutory appeal of this order would simply be whether the district court erred in concluding that summary judgment for CSX was not warranted on the present record because there were on that record genuine issues of material fact respecting whether the release was unenforceable either for lack of consideration, mutual mistake, or both.
 
 
 30
 Though that question is technically one of law for us, as it was for the district court, it is a question of law heavily freighted with the necessity for factual assessment. Such "questions of law" have usually been thought not the kind of "controlling" question proper for interlocutory review under Sec. 1292(b). As one respected treatise, surveying the cases, has put it:
 
 
 31
 The statutory language naturally suggests an opposition between a question of law and "a question of fact or matter for the discretion of the trial court." There is indeed no reason to suppose that interlocutory appeals are to be certified for the purpose of inflicting upon courts of appeals an unaccustomed and illsuited role as factfinders. Even when the question is the supposed question of law whether there are any genuine issues of material fact that preclude grant of summary judgment, it seems better to keep courts of appeals aloof from interlocutory embroilment in such factual details.
 
 
 32
 16 C. Wright, A. Miller, E. Cooper & E. Gressman, Federal Practice and Procedure Sec. 3930, at 160-61 (1977) (quoting Garner v. Wolfinbarger, 430 F.2d 1093, 1097 (5th Cir.1970)).
 
 
 33
 We think this is the appropriate view to take here. Though it is true that a decision favorable to CSX would certainly be one on a question of law that, as it had developed, was "controlling," this obviously cannot be all that is implied by the term. Certainly the kind of question best adapted to discretionary interlocutory review is a narrow question of pure law whose resolution will be completely dispositive of the litigation, either as a legal or practical matter, whichever way it goes. The question here is a long way from that model. See Clark-Dietz, 702 F.2d at 69 (emphasizing inappropriateness of Sec. 1292(b) review of fact-based questions). The mere fact that its resolution at this time may save pre-trial and trial effort and expense is not determinative; that of course can be said of any interlocutory appeal. Palandjian v. Pahlavi, 782 F.2d 313, 314 (1st Cir.1986). Indeed, to make the determination whether appellate resolution of this particular question will "materially advance ultimate termination" would require addressing the merits sufficiently to assess the likely outcome on appeal, a process obviously not appropriate at this point on the record we have.
 
 V
 
 34
 For the above reasons we deny the motion of CSX for leave to appeal, and remand for further proceedings.
 
 
 35
 SO ORDERED.
 
 
 
 [1]
 Section 5 provides that:
 [a]ny contract, rule, regulation, or device whatsoever, the purpose or intent of which shall be to enable any common carrier to exempt itself from any liability created by this chapter, shall to that extent be void: Provided, That in any action brought against any such common carrier under or by virtue of any of the provisions of this chapter, such common carrier may set off therein any sum it has contributed or paid to any insurance, relief benefit, or indemnity that may have been paid to the injured employee or the person entitled thereto on account of the injury or death for which said action was brought.
 45 U.S.C. Sec. 55. Plaintiffs argued that this provision invalidated the releases, at least insofar as it purported to cover claims for "unknown" injuries. CSX responded that Sec. 5 of the Act is not applicable to the compromise settlement of existing claims, whether known or unknown, but instead simply prevents railroads from disclaiming FELA liability as a condition of employment.