**Drema H. ADKINS, Co–Executrix of the Estate of James E. Adkins, Deceased and Edith Ann Cales, Co–Executrix of the Estate of James E. Adkins, Deceased and Carolyn Sue Cales, Co–Executrix of the Estate of James E. Adkins, Deceased**

v.

**COMMONWEALTH OF VIRGINIA, ex rel. UNIVERSITY OF VIRGINIA MEDICAL CENTER, Jonathan Zarley, M.D., Elizabeth Dunmore, M.D., Suzinne Hallowell, R.N., Carol Hewsby, R.N., Maud Steinberg, R.N., and Jennifer Tennant, R.N.**

Civ. A. No. 93–0075–C.

United States District Court,
W.D. Virginia,
Charlottesville Division.

March 22, 1994.

Simon Delano Roberts Moore, Juliana F. Perry, Gentry, Locke, Rakes & Moore, Roanoke, VA, Lee B. Forb, Charleston, WV, for plaintiffs.

Colin J. Thomas, III, Timberlake, Smith, Thomas & Moses, Staunton, VA, for defendants.

## MEMORANDUM OPINION

CRIGLER, United States Magistrate Judge.

This action is before the court upon the letter of March 18, 1994 by counsel for the defendant, Marc Feldman, M.D., to the Clerk of this court requesting the appointment of a medical malpractice review panel pursuant to Rule Two(b) of the Commonwealth of Virginia Medical Malpractice Rules of Practice and under authority of Va.Code § 8.01–581.2, as amended in 1993. The request has been forwarded to the presiding District Judge by the Clerk for consideration and action and, in turn, has been referred to this court by standing order under 28 U.S.C. § 636(b)(1)(A) and (B). As the instant request is non-dispositive of the case, this court will address it on the merits.

In *DiAntonio v. Northampton–Accomack Memorial Hospital*, 628 F.2d 287 (4th Cir. 1980), the Fourth Circuit Court of Appeals held that Virginia's Medical Malpractice Act, Va.Code § 8.01–581.1 *et seq.*, was applicable as substantive state law in diversity malpractice actions. Therefore, to the extent the Act required pre-filing notice of the malpractice claim, thus triggering the Act's provisions for mediation and decision by a medical malpractice panel before the right to sue accrued, such requirements were to be enforced by the federal courts in diversity malpractice cases under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) and its progeny. This principle remains applicable today, and if the Act had not been amended in the interim between the decision by the Court of Appeals in *DiAntonio* and today, there would be nothing before the court to decide. It had become axiomatic that the exhaustion of the notice and mediation provisions of the Act were required before any plaintiff could proceed in court.

However, the Act was amended in 1993, eliminating the requirement of pre-filing notice of claim and modifying the method by which the panel was to be constituted in the event a post-filing request for a review panel was made by a defendant. Va.Code § 8.01–581.2. While it was clear that the Virginia General Assembly did not intend to exclude federal diversity cases under the earlier versions of the Act in view of the fact that pre-filing notice was a prerequisite to the institution of an action in any forum, the 1993 amendments to the Act reveal quite a contrary intent.

Aside from eliminating the need for pre-filing notice, the Act requires that "the clerk of the circuit court" forward to the Clerk of the Supreme Court of Virginia, the request, for a panel, whereupon, the Supreme Court will select the panel members over whom the "judge of the circuit in which the action was filed" shall preside. Va.Code §§ 8.01–581.2 and 581.3. It is quite obvious that the Clerk of this court is not the "clerk of the circuit court," and a presiding judge in this court is not the "judge of the circuit in which the action was filed." These observations lead this court to the inexorable conclusion that, even if the federal courts are required to apply the provisions of the Virginia Medical Malpractice Act under *Erie*, the malpractice

review provisions otherwise available to a defendant in state court litigation are not available when the action is commenced in federal court.

Moreover, the court is not persuaded that some alternate form of conveying the notice from the Clerk of this court to the clerk of local circuit court, and then to the Supreme Court should be undertaken absent express statutory authority. In this case, the Clerk here would be required to speculate whether to send the request to the Clerk of the Circuit Court for the City of Charlottesville or to the Clerk of the Circuit Court of Albemarle County. This Division of the Western District is physically located within the City of Charlottesville, but the claim arose in the County of Albemarle, and could have been brought there. Even if that dilemma had a solution, there is no statutory authority for either circuit court clerk to receive the notice from the Clerk of this court, and a direct filing of a notice by a litigant with the clerk of some perceived appropriate circuit court, likewise, is not sanctioned under the language of the statute. The point here is that any determination other than that construing the present Act to exclude from its notice and panel review process all actions filed in federal court would require this court to rewrite the statute. Any invitation to do so is declined.

Accordingly, an order will enter directing the Clerk of this court to file the March 8, 1994 letter request of Dr. Feldman as a motion for the appointment of a malpractice panel and denying the motion on the grounds herein stated.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion to all counsel of record.