Lucy SWAIM, Plaintiff,

v.

Martin A. FOGLE, M.D. et al., Defendants.

No. Civ.A. 2:99CV821.

United States District Court, E.D. Virginia, Norfolk Division.

Aug. 30, 1999.

---

Judith M. Cofield, Virginia Beach, VA, for plaintiff.

Roy Barrow Blackwell, Jason Robert Davis, Kaufman & Canoles, Norfolk, VA, Virginia Lynn Van Valkenburg, Goodman, West & Filetti, P.L.L.C., Norfolk, VA, for defendants.

## ORDER

MORGAN, District Judge.

This matter comes before the Court on a Motion for Stay and Order of Reference ("Motion") filed by Martin A. Fogle, M.D., Virginia Vascular Associates, P.C., Gene H. Burke, M.D., and Norfolk Diagnostic Clinic, Ltd. (collectively "Defendants"). For the reasons stated herein the Court **DENIES** the Motion and **ORDERS** the parties to schedule a pretrial conference to take place on or before September 7, 1999.

### I. *Factual* [1] *and Procedural History*

Lucy Swaim ("Plaintiff") filed suit in this Court on June 1, 1999, alleging medical

---

**1.** The factual findings in this Order are solely for the purpose of deciding the Defendants' Motion.

malpractice by the Defendants in their treatment of Plaintiff over a three month period in 1995. The Plaintiff had previously filed this claim in the Circuit Court for the City of Norfolk against the Defendants but took a voluntary non-suit several days into trial on February 10, 1999. When the Plaintiff refiled the case in federal court, however, the Defendants timely filed their request for designation of a Medical Malpractice Review Panel with the Clerk of this Court, the Supreme Court of Virginia, and the Norfolk Circuit Court. In order to pursue that procedural option, the Defendants filed this Motion to stay the proceedings here until such time as a state review panel can hear the case.

## II. *Defendants' Motion for Stay and Order of Reference*

### A. The Medical Malpractice Review Panel

■ Prior to July 1, 1993, before a plaintiff could institute a court action against a health care provider, the Virginia Medical Malpractice Act[2] ("Act") required a plaintiff to notify the health care provider in writing. After giving such notice, either party could request review by a Medical Malpractice Review Panel established in accordance with the provisions of section 8.01–581.3 of the Virginia Code. If the claimant or the defendant made the request, then neither party could litigate their claim until the Review Panel heard the case and issued an opinion. If litigation ensued following review, either party could admit the opinion of the panel as evidence.

In 1993, however, the General Assembly amended the Virginia Medical Malpractice Act and removed the pre-filing notification requirement. Under the present statute, a party may immediately initiate a lawsuit for medical malpractice without giving prior notice. Either party may then request review by a Medical Malpractice Review Panel at any time within thirty (30) days

from the filing of a responsive pleading. *See* Va.Code Ann. § 8.01–581.2. Rule 2 of the Virginia Medical Malpractice Rules of Practice specifies that a party should make a review request to the "clerk of the circuit court wherein the malpractice action has been filed." *Id.* The clerk of the circuit court must forward the request to the Clerk of the Supreme Court of Virginia. *See* Va.Code § 8.01–581.2. The Supreme Court of Virginia then designates the panel pursuant to Rule 3 of the Medical Malpractice Rules of Practice. The amended statute and Rules, however, do not specify the procedure for requesting a panel when the parties are in federal court.

### B. Positions of the Parties

The main issue before the Court is to decide what effect, if any, the 1993 amendments to the Virginia Medical Malpractice Act had upon the substantive rights of the parties. Prior to the 1993 amendments, the Fourth Circuit in *DiAntonio v. Northampton–Accomack Memorial Hospital,* 628 F.2d 287 (4th Cir.1980) held that for *Erie* purposes, the Act was applicable as substantive law in diversity cases. In that case a New Jersey plaintiff brought suit in the United States District Court for the Eastern District of Virginia, Norfolk Division, against a Virginia hospital alleging malpractice without first giving the requisite notice. *See DiAntonio,* 628 F.2d at 287. The District Court dismissed the case based upon the failure to provide notice. The Fourth Circuit upheld the dismissal on appeal finding the notice requirement and provision for panel review to be so " 'intimately bound up' with the rights and obligations being asserted as to require their application in federal courts under the doctrine of *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938)." *DiAntonio,* 628 F.2d at 290. Following the passage of the 1993 amendments, however, two federal magistrate courts have reached opposite conclusions as to whether the substantive rights

**2.** Va.Code Ann. § 8.01–581.1 to 581.20 (Michie 1950).

acknowledged in *DiAntonio* survived the amendments to the malpractice statute.

The Plaintiff argues that the 1993 amendments changed the substantive rights of parties to medical malpractice cases. She claims that since no condition precedent to filing now exists, *DiAntonio* is non-controlling on the issue. Plaintiff also urges that the rules of statutory construction support her position. According to this argument, the failure of the legislature to create a procedural mechanism for cases in federal courts limits a defendant's rights to those specified in the statute.

Plaintiff cites *Adkins v. Commonwealth of Virginia ex rel. University of Virginia Medical Center*, 154 F.R.D. 139 (W.D.Va. 1994), to support her position. In that case a federal magistrate judge in Charlottesville faced the same question now before this Court and concluded that the 1993 amendments indicated a clear purpose to exclude cases in federal courts from the Medical Malpractice Review Panel option. While acknowledging that the same case prior to 1993 would not have even presented a debatable issue after *DiAntonio*, the court found that the language of the amendments unquestionably retained the review panel procedure only for parties litigating in state courts. *See Adkins*, 154 F.R.D. at 140. Specifically, the court stated:

> Aside from eliminating the need for pre-filing notice, the Act requires that "the clerk of the circuit court" forward to the Clerk of the Supreme Court of Virginia, the request, for a panel, whereupon, the Supreme Court will select the panel members over whom the "judge of the Circuit in which the action was filed" shall preside ... It is quite obvious that the Clerk of this court is not the "clerk of the circuit court," and a presiding judge in this court is not the "judge of the circuit in which the action was filed." These observations lead this court to the inexorable conclusion that, even if the federal courts are required to apply the provisions of the Virginia Medial Mal-

practice Act under *Erie*, the malpractice review provisions otherwise available to a defendant in state court litigation are not available when the action is commenced in federal court.

*Adkins*, 154 F.R.D. at 140–1. Without a procedure in the Act to follow, the court concluded that it would have to rewrite the statute in order to apply it.

The position taken by the Defendants, on the other hand, mirrors that of the magistrate court in *Daniel v. Jones*, 4:96cv24, 1996 U.S.Dist.Lexis 15435 (E.D.Va. May 3, 1996). Facing the same issue now before this Court, the magistrate court in *Daniel* held that the 1993 amendments left untouched the basic right to have a Medical Malpractice Review Panel hear a case prior to litigation. *See id.* at *20. According to the court, the Opportunity to select a Medical Malpractice Review Panel, obtain results from a hearing, and then present those results with other evidence at trial are as "intimately bound up" after the amendments as before. *See id.* at *20. While the court acknowledged that the language of the Act referring to "circuit courts" and "clerks" clearly demonstrated that the procedure remains a state procedure, the court also stated that it is a substantive procedure entitled to full application in federal courts. *See id.* at *20–1. Based upon those principles, the court granted the defendant's motion for a stay and order referring the matter to the appropriate state circuit court.

### III. *Analysis*

While this Court's decision may constitute form prevailing over substance, the Court finds itself constrained by the language of the Act as modified by the 1993 amendments. The amended statute clearly has changed the rights of a party to request a Medical Malpractice Review panel. The language of the statute limits that option to state proceedings.

Two aspects of the amended statute support that conclusion: (1) the event which

triggers the right to request a panel and (2) the ability of a federal court acting under the statute to enforce any such right. Prior to the 1993 amendments, the notice provided by a claimant triggered the right of both parties to request a panel. If a claimant failed to provide such notice, a federal district court had the power to dismiss the case as the court did in *DiAntonio*. As amended, however, the only way to trigger the right to request a Medical Malpractice Review Panel is by filing an action in state court. The effect of the change is to limit the circumstances in which a party may exercise the right. This Court construes the Review Panel as a procedural right presently available only in state proceedings.

Additionally, the Act neither contains a procedure for assigning a case pending in federal court to the state circuit court, nor authorizes a federal court to enforce such a right. At this stage of the litigation, the state court has no jurisdiction over the case, and this Court has no authority to confer jurisdiction upon it. Without either an express method of transferring the case or a means of enforcing the purpose of the transfer, this Court would have to invent a procedure and thereby rewrite the statute. The Court therefore **DENIES** the Defendants Motion for Stay and Order of Reference and **ORDERS** the parties to schedule a pretrial conference to take place on or before September 7, 1999.

The Clerk is **REQUESTED** to send a copy of this order to all counsel of record.

It is so **ORDERED**.