In re Han SWYTER, Debtor.

Arthur C. Herrington, et al., Appellants,

v.

Han Swyter, Appellee.

No. 00–12759–SSM.

United States District Court, E.D. Virginia, Alexandria Division.

June 18, 2001.

J. William Koegel, Jr., Washington, DC, for Appellant.

James Towarnicky, Springfield, VA, Richard Gross, Washington, DC, for Appellee.

## MEMORANDUM OPINION

ELLIS, District Judge.

The threshold question in this bankruptcy appeal is whether the order appealed from—an order expanding the powers of an examiner appointed to oversee the debtor's actions ("Order")—is final under 28 U.S.C. § 158 or otherwise appealable.

### I.

Appellant Arthur Herrington is a limited partner in five limited partnerships: (i) Heathrow Business Center, (ii) Red Branch Partners, (iii) Lockport Business Center, (iv) Guilford Partners, and (v) Eastpoint Business Center. The debtor is the sole general partner in each of these limited partnerships. In 1993, pursuant to the various partnership agreements, Herrington demanded arbitration, claiming that the partnerships had paid excessive management fees to the debtor or to one of the debtor's entities. Thereafter, an arbitration proceeding ensued, and, as a result, the arbitrator, on June 15, 1998, entered an award in favor of Herrington

and the partnerships. When Herrington and the partnerships sought to enforce the arbitration award, debtor filed for protection under Chapter 11 of the United States Bankruptcy Code. *See* 11 U.S.C. § 1101 *et seq.*

Herrington next initiated an adversary proceeding in the bankruptcy matter, asserting various additional claims against the debtor, and seeking a preliminary injunction (i) to remove the debtor from control of the limited partnerships and (ii) to limit the debtor's ability to cause the partnerships to pay his personal expenses. The parties settled the preliminary injunction request by agreeing to a preliminary injunction that, *inter alia*, (i) prevented the debtor from charging his personal fees to the partnerships, (ii) required the debtor to escrow a portion of his partnership salary, and (iii) appointed an examiner to hold in trust the debtor's general partnership interests to ensure that he did not loot the partnerships or otherwise act improperly with respect to the partnerships. In this regard, the consent order explicitly limited the examiner's authority to: (i) review and approval of legal bills submitted by counsel for the partnerships in the adversary proceedings and (ii) removal of the debtor from control of the partnerships in the event the examiner discovered any improper conduct.

On January 25, 2001, the debtor filed an initial plan of reorganization. Prior to a vote by the creditors on whether the plan should be confirmed, the debtor argued that the examiner should be permitted to vote the claims of the partnerships, who were the debtor's principal creditors. In this regard, the examiner indicated that if certain modifications were made to the plan he would, if permitted, vote to confirm the plan. On April 25, 2001, the bankruptcy court ruled that the consent order authorizing the appointment of the examiner did not grant the examiner the authority to vote the claims of the partnerships. Accordingly, because there were insufficient votes in favor of the plan, the bankruptcy court denied confirmation of the plan. At the same time, however, the bankruptcy court permitted the debtor to move orally to expand the examiner's authority to include the power to vote on confirmation of a plan on behalf of the creditor partnerships. Herrington filed a brief in opposition to this motion,[1] and thereafter, the bankruptcy court held a hearing at which the parties argued the matter orally. At the conclusion of the hearing, the bankruptcy court granted the debtor's oral motion to expand the examiner's authority to vote on the plan confirmation issue. Thereafter, the bankruptcy court adjourned the confirmation hearing until July 2, 2001 to give the debtor an opportunity to amend its disclosure statement and to resolicit ballots. An amended plan of reorganization ("Amended Plan") was thereafter filed with the bankruptcy court.

At issue here is whether the bankruptcy court's April 30 Order permitting the examiner to vote the claims of the partnerships is appealable.

## II.

District courts entertain appeals from bankruptcy courts pursuant to 28 U.S.C. § 158(a), which states that

The district courts of the United States shall have jurisdiction to hear appeals

---

1. Herrington contends that he was denied a meaningful opportunity to respond as the bankruptcy court provided only twenty-four hours to research and file a brief in opposition to the debtor's oral motion to expand the examiner's authority. This contention need not be resolved here as it is not material to the appealability issue at bar.

(1) from final judgments, orders, and decrees;

(2) from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 ...; and

(3) with leave of the court, from other interlocutory orders and decrees.

Unless the order appealed from fits within one of the three subsections of § 158(a), or is a collateral order as defined in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), the order is not immediately appealable. Here, Herrington contends that review is appropriate under either subsection (1) or (3), or as a collateral order. Herrington's arguments fail as neither subsection fits this case, nor is the April 30 Order appealable as a collateral order.

### A. § 158(a)(1)—Finality

■ The vast body of law articulating rigorous finality standards for the appealability of orders is largely inapplicable here in the bankruptcy context, as it is well-recognized that the concept of finality is applied in a " 'more pragmatic and less technical way in bankruptcy cases than in other situations.' " *Committee of Dalkon Shield Claimants v. A.H. Robins Co., Inc.*, 828 F.2d 239, 241 (4th Cir.1987) (quoting *In re Amatex Corp.*, 755 F.2d 1034, 1039 (3d Cir.1985)). The reasons for this are well-established. In *In re Saco Local Development Corp.*, 711 F.2d 441 (1st Cir. 1983), Justice Breyer, then a First Circuit judge, traced the concept of finality in bankruptcy proceedings and concluded that considerations unique to bankruptcy appeals, such as the protracted nature of the proceedings and the large number of interested parties, require a less rigorous application of the finality rule. *See id.* at 443–48. Put differently, "[t]o avoid the waste of time and resources that might result from reviewing discrete portions of the action only after a plan of reorganization is approved, courts have permitted appellate review of orders that in other contexts might be considered interlocutory." *Dalkon Shield*, 828 F.2d at 241 (quoting *In re Amatex Corp.*, 755 F.2d at 1039); *see also In re Mason*, 709 F.2d 1313, 1316 (9th Cir.1983) (holding that finality must be determined "in light of the unique nature of bankruptcy procedure and not with blind adherence to the rules of finality"). Thus, for example, the decision to appoint a trustee or an examiner is a final appealable order because to hold otherwise would delay review of the decision until "a final plan is approved" and "may well cause several years of hearings and negotiations to be wasted." *In re Amatex*, 755 F.2d at 1040 (cited with approval in *Dalkon Shield*, 828 F.2d at 241). Furthermore, the decision to set aside the sale of a bankruptcy asset and to reopen proceedings is also final and appealable because it "finally determines" a creditor's position vis-a-vis the debtor and places any resale of assets in considerable doubt. *In re Irvin*, 950 F.2d 1318, 1319 (7th Cir. 1991); *see In re Gould*, 977 F.2d 1038, 1041 (7th Cir.1992). In sum, these cases stand for the proposition that an order is final and appealable if it (i) finally determines or seriously affects a party's substantive rights, or (ii) will cause irreparable harm to the losing party or waste judicial resources if the appeal is deferred until the conclusion of the bankruptcy case. *See In re Mason*, 709 F.2d at 1316 (citing R. Levin, *Bankruptcy Appeals*, 59 N.C. L.Rev. 967, 985–86 & n. 140).[2]

---

**2.** Levin was one of the principal drafters of the Bankruptcy Reform Act of 1978 and also one of the contributing editors to *Collier on*

These principles, applied here, compel the conclusion that the April 30 Order expanding the examiner's authority to include the power to vote the claims of the partnership on the plan confirmation issue is not a final order, and thus not immediately appealable as of right. Two reasons support this conclusion. First, the April 30 Order does not finally determine Herrington's substantive rights. This is so because the Order simply permits the examiner to vote the claims of the partnership; it does not, by itself, confirm the debtor's Amended Plan. While the examiner has stated his intention to vote on the partnerships' behalf to confirm the Amended Plan, he may, in the end, not do so, in which event Herrington's substantive rights would not be finally affected. And, even were the examiner ultimately to vote in favor of confirmation, as he has indicated he will do, the bankruptcy court might still choose to reject confirmation of the Amended Plan based on any objections filed. See 11 U.S.C. §§ 1128, 1129. There might yet be, in other words, many a slip between the cup and the final lip. Thus, the April 30 Order permitting the examiner to vote the claims of the partnerships on the plan confirmation issue is not final, but only a preliminary step in the determination of Herrington's rights.

Nor are Herrington's two cited cases on this point to the contrary; both are distinguishable. In *In re Irvin* and *In re Gould,* the orders in issue reopened bankruptcy proceedings after final judgments had been entered and then set aside sales that had previously been approved. Both orders were appealed to the Seventh Circuit, which held that the orders were final and appealable as both constituted a final determination of a party's position, "even though there is continuing action in the adversary proceeding." *In re Gould,* 977 F.2d at 1041 (citing *In re Sandy Ridge Oil Co., Inc.,* 807 F.2d 1332, 1334 (7th Cir. 1986)); *see also In re Irvin,* 950 F.2d at 1319. This result sensibly recognized that the orders appealed from nullified the original sale of an asset and ordered rebidding on the property, thus immediately affecting and determining the substantive rights of the losing party—the original purchaser of the property. *See In re Gould,* 977 F.2d at 1041; *In re Irvin,* 950 F.2d at 1319. By contrast, the April 30 Order does not similarly resolve Herrington's rights; it does not "finally dispose of [a] discrete dispute[ ] within the larger case," because a final determination of Herrington's rights is dependent on additional actions that have not yet occurred. *Flor v. BOT Fin. Corp.,* 79 F.3d 281, 283 (2d Cir.1996) (internal citations omitted).

The second reason the April 30 Order is not final is that it causes Herrington no irreparable harm. This is so because voting on the Amended Plan will occur on July 2, 2001—less than a month and a half after the issuance of the April 30 Order. In the event the examiner votes the partnership claims in favor of the Amended Plan, and the bankruptcy court thereafter confirms that plan, then the confirmation along with any decisions and orders that led to the confirmation order, including the April 30 Order, will be final and immediately appealable to the district court.[3]

---

Bankruptcy. *See In re Mason,* 709 F.2d at 1316 n. 2.

**3.** For cases holding that confirmation of Chapter 11 plan is a final, appealable order, *see U.S., Dept. of Air Force v. Carolina Parachute Corp.,* 907 F.2d 1469, 1472 (4th Cir. 1990); *see also In re PWS Holding Corp.,* 228

F.3d 224, 235 (3d Cir.2000) (same). For cases holding that the intermediate decisions that led to the confirmation of the plan are also appealable at the time of a final order, *see Equipment Fin. Group, Inc. v. Traverse Computer Brokers,* 973 F.2d 345, 347 (4th Cir.1992); *Tringali v. Hathaway Machinery*

Given this short time frame, any harm caused by a subsequent reversal of the April 30 Order will be slight, if any. And again, Herrington's cited cases on this point are distinguishable and not to the contrary. For example, in *In re Gould*, irreparable harm existed because if the decision to set aside the sale and order rebidding was not immediately appealable, "doubts would linger in any subsequent sale of the property, impeding administration of the estate." *In re Gould*, 977 F.2d at 1041; *see also In re Irvin*, 950 F.2d at 1319. Moreover, it is unpersuasive to argue, as Herrington does, that this case is comparable to appeals from the initial decision regarding the appointment of an examiner or trustee, which the Fourth Circuit has found to be final and immediately appealable. *See Dalkon Shield*, 828 F.2d at 241; *see also In re Marvel Entertainment Group, Inc.*, 140 F.3d 463, 470 (3d Cir.1998) (holding that order appointing trustee is immediately appealable and citing numerous cases). The decision to review on immediate appeal the denial of the appointment of a trustee is based, in large part, on the significant harm and waste of judicial resources that could result from a delay in reviewing this decision. *See Dalkon Shield*, 828 F.2d at 241. If review of the decision regarding the appointment of an examiner or trustee were deferred until the issuance of a final order closing the case, "several years of hearings and negotiations [might] be wasted." *In re Amatex Corp.*, 755 F.2d at 1040 (cited with approv-

al in *Dalkon Shield*, 828 F.2d at 241).[4] Such dire consequences are not threatened by delaying appellate review of the April 30 Order until a plan is confirmed, which might occur as early as July 2, 2001. In these circumstances, there is minimal risk that judicial resources will be wasted or that doubts will impede the administration of the debtor's estate. In sum, the April 30 Order permitting the examiner to vote the claims of the partnerships on the plan confirmation issue is not final and therefore is not appealable as of right under 28 U.S.C. § 158(a)(1).

### B. § 158(a)(3)—Discretionary Interlocutory Appeal

Appellant next argues that even if the April 30 Order is interlocutory, it is nonetheless appealable under § 158(a)(3) because hearing the appeal would materially advance the ultimate termination of the litigation. *See Fannin v. CSX Transp., Inc.*, 873 F.2d 1438, 1989 WL 42583, *5 (4th Cir. Apr.26, 1989) (unpublished).

In the bankruptcy regime, as in other areas of law, interlocutory orders are not appealable as a matter of right, but appeals from such orders may be allowed by leave of court in certain circumstances. *See* 28 U.S.C. § 158(a)(3). In this regard, 28 U.S.C. § 1292(b) establishes the circumstances, in general, in which interlocutory appeals may be pursued. This section, which governs in bankruptcy,[5] reflects the

Co., Inc., 796 F.2d 553, 559 (1st Cir.1986); *In re Boxall*, 188 B.R. 198, 201 (E.D.Va.1995).

proceedings begin again from scratch." *Marvel Entertainment*, 140 F.3d at 470.

4. This prospect is sufficiently forbidding that it may effectively insulate such an order from appellate review. In the words of the Third Circuit, "it strains credulity to suggest that a reviewing court would jettison years of bankruptcy infighting, compromise and final determinations solely for the purpose of reversing the appointment of a trustee and have the

5. *See KPMG Peat Marwick, L.L.P. v. Estate of Nelco, Ltd., Inc.*, 250 B.R. 74, 78 (E.D.Va. 2000) (noting that when deciding whether to grant leave to appeal an interlocutory order or decree of a bankruptcy court, district courts employ an analysis pursuant to § 1292(b)); Daniel R. Cowans, *Bankruptcy Law & Practice* § 18.2 (7th ed.) (same).

line drawn by Congress between most interlocutory appeals, which are impermissible because they result in inefficiency and delay, and those few interlocutory appeals that are permissible because they are conducive to efficiency and expeditious resolution of the case. Pursuant to § 1292(b), leave to file an interlocutory appeal should be granted only when (1) the order involves a controlling question of law, (2) as to which there is substantial ground for a difference of opinion, and (3) immediate appeal would materially advance the termination of the litigation. *See* 28 U.S.C. § 1292(b). Section 1292(b) must be used sparingly and its requirements strictly construed. *See Myles v. Laffitte,* 881 F.2d 125, 127 (4th Cir.1989).

 This appeal does not fit within § 1292(b). Quite clearly, the interlocutory resolution of the validity of the April 30 Order will not materially advance the litigation;[6] it would not end either this phase of the litigation, or the dispute between Herrington and the debtor. Instead, it is clear that reversal of the April 30 Order would result, at most, in aiding Herrington in his effort to negotiate and obtain a plan of reorganization more favorable to him. This does not meet the § 1292(b) standard, and thus, leave to appeal on this ground must be denied.

### C. Collateral Order Doctrine

 Finally, appellant contends that the April 30 Order is immediately appealable under the collateral order doctrine. *See Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). There, the Supreme

Court held that an order not otherwise final could nonetheless be appealed as a matter of right if the order "[1] conclusively determine[s] the disputed question, [2] resolve[s] an important issue completely separate from the merits of the action, and [3][is] effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978); *see also Rogers v. Pendleton,* 249 F.3d 279, 285 (4th Cir.2001) (denial of qualified immunity is immediately appealable under collateral order doctrine); *MDK, Inc. v. Mike's Train House, Inc.,* 27 F.3d 116, 120 (4th Cir.1994); *In re Boxall,* 188 B.R. 198, 201 (E.D.Va.1995).

 Herrington's collateral order argument fails on the third prong of this test as the April 30 Order is not unreviewable on appeal from a final judgment; to the contrary, it will be fully reviewable once a final order is entered in this case. *In re Boxall,* which involved the conveyance of $290,000, provides instructive contrast on this point. There, the bankruptcy court enjoined transfer of a portion of these funds and allowed the remainder to be released to Ms. Kreb, who was planning on returning to Tunisia in the near future. The district court permitted an immediate appeal of this order because it would be effectively unreviewable at the time a final order issued. As a practical matter, "unless Mr. Boxall is allowed to appeal this order, he will be effectively foreclosed from seeking appellate review" as Ms. Kreb, and the remainder of funds returned to Ms. Kreb, would be in Tunisia and "therefore beyond the reach of the ... court at the time of final judgment." *In re*

---

**6.** *See Atlantic Textile Group, Inc. v. Neal,* 191 B.R. 652, 653–54 (E.D.Va.1996) (holding that appeal would materially advance litigation only if issue appealed was defendant's sole defense); *State of N.C. ex rel. Howes v. W.R. Peele, Sr. Trust,* 889 F.Supp. 849, 854

(E.D.N.C.1995) (noting that reversal of summary judgment motion will not finally establish defendant's liability); *cf. Fannin,* 1989 WL 42583, at *5 (only orders that will be "completely dispositive of the litigation" meet the § 1292(b) requirement).

*Boxall,* 188 B.R. at 202. The April 30 Order stands in sharp contrast to the order in *Boxall.* The April 30 Order will be subject to appellate review at the time a final judgment is entered, which, as noted, could occur as early as July 2, 2001. Accordingly, the collateral order doctrine is inapplicable here.

### III.

In sum, the April 30 Order is not appealable at this time (i) because it is interlocutory, not final, (ii) because it does not meet the criteria of § 1292(b) for interlocutory appeal, and (iii) because it is not a collateral order effectively unreviewable on a later appeal. For these reasons, Herrington's appeal of the bankruptcy court's April 30 Order must be dismissed.

An appropriate Order will issue.