**Dorothy LOVELACE, Plaintiff,**

v.

**ROCKINGHAM MEMORIAL HOSPITAL, d/b/a East Rockingham Health Center, et al., Defendants.**

**No. CIV.A. 5:03CV00062.**

United States District Court,
W.D. Virginia.
Harrisonburg Division.

Feb. 13, 2004.

---

Neal Stanley Johnson, Gregory Lee Lyons, John Eric Lichtenstein, Lichtenstein, Fishwick & Johnson, PLC, Roanoke, VA, for plaintiff.

Glenn Milburn Hodge, Charles Franklin Hilton, Marshall H. Ross, Wharton, Aldhizer & Weaver, PLC, Harrisonburg, VA, for defendant.

### MEMORANDUM OPINION

WILSON, Chief Judge.

This is a medical malpractice action by Dorothy Lovelace against Rockingham Memorial Hospital, two nurses, Mary B. Atkins and Arthur F. Strunk, and a doctor, Jack L. Wright, that practice at that hospital. Lovelace is a citizen of West Virginia; the hospital is a Virginia corporation with its principal place of business in the state; the individual defendants are citizens of Virginia; and there is more than $75,000 in controversy. Accordingly, there is diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). The matter is before the court on the defendant's motion to refer Lovelace's claim to a medical malpractice review panel pursuant to the Virginia Medical Malpractice Act ("VMMA"), Va.Code § 8.01–581.1 *et seq.*, and if the court denies the motion defendants seek an interlocutory appeal. The court finds that the defendants (collectively "the hospital") are not entitled to a review panel and denies their request for an interlocutory appeal.

### I.

In August 2000, Lovelace went to Rockingham Memorial Hospital on at least two occasions complaining of tenderness and soreness on the right side of her face and head. According to Lovelace, the individual defendants, employees of Rockingham Memorial Hospital, negligently failed to diagnose her condition as "temporal arteritis," thereby causing her to suffer permanent vision impairment and pain.

Before 1993, the VMMA required the plaintiff to notify the health care provider of its claim. Following the notice, either party could file a written request with the Chief Justice of Virginia for a review panel. Only after the review panel issued an opinion could the plaintiff bring a lawsuit- whether in state or federal court. In 1993, however, the General Assembly amended the VMMA. Instead of requiring notification to the health care provider as a pre- requisite to filing a medical malpractice action, the amended VMMA allows either party to request a review panel within thirty days of filing a responsive pleading. Va.Code Ann. § 8.01–581.2. The request- ing party must forward the request to the Clerk of the Supreme Court of Virginia, see id., and that Court selects the mem- bers of the panel, which must include "the judge of a circuit court in which the action was filed." § 8.01–581.3. The amended pro- visions do not prescribe procedures for medical malpractice cases filed in federal courts.

The hospital filed a request for a medi- cal malpractice review panel with the Clerk of the Supreme Court of Virginia and with this court. The Executive Secre- tary of the Virginia Supreme Court re- sponded in a letter.

This is in response to your [request for] a Medical Malpractice Review Panel .... Based upon the legislative changes effective July 1, 1993, it does not appear that the Chief Justice has the authority to designate a Medical Malpractice Re- view Panel in a case which has been filed in federal court. This seems particular- ly true in light of the provisions of § 8.01–581.3 of the Code which provides that the panel shall consist of, among others, the judge of the circuit court in which the action was filed. Based upon this interpretation of the changes we cannot go forward with the designation in this case. However, in the past the

Chief Justice has issued a designation in this type of situation where all parties agree and the federal court transferred the case to the state court for the pur- pose of having a panel designated. You may want to pursue this approach.

This court's pretrial order referred all non-dispositive pretrial matters to the magistrate judge, and the magistrate judge denied the hospital's request for a review panel. The case is now before the court on the hospital's motion to reconsid- er or, in the alternative, for certification for interlocutory appeal.

## II.

Claiming that it is entitled to a medical malpractice review panel, the hospital makes three somewhat interlocking argu- ments. First, the hospital claims that un- der *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), access to a medical review panel is a right that federal courts must enforce. Second, it claims that the court is obligated to "transfer" the case to a Virginia state court so it can order a review panel. Third, the hospital claims that Virginia's statutory scheme providing for the ap- pointment of review panels only for cases filed in state court impermissibly intrudes on this court's diversity jurisdiction. The hospital's arguments fundamentally mis- perceive the *Erie* doctrine, and the court rejects them.

## A.

■ Under *Erie*, the VMMA is bound up with Virginia's substantive right to sue for medical malpractice, and this court would be obliged to follow its procedural provisions if practicable or even possible. However, it is neither practicable nor pos- sible for a federal court to convene and preside over a medical malpractice review

panel. Therefore, this court denies the hospital's request and, nevertheless, remains faithful to the *Erie* doctrine.

■ Under the *Erie* doctrine a federal court in a diversity action must apply the state's substantive law and, when the state's procedural law is "intimately bound up" with a substantive right, its procedural law as well. *See Szantay v. Beech Aircraft Corp.*, 349 F.2d 60, 63 (4th Cir.1965). However, "the forms and mode of enforcing [state created substantive rights] may at times, naturally enough, vary because the two judicial systems are not identic." *Guaranty Trust Co. v. York*, 326 U.S. 99, 108–09, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945). Yet the hospital seeks a congruence of the two judicial systems that is neither required by *Erie* nor even possible.

The *Erie* doctrine repudiates the notion that federal courts are free to declare a federal common law governing state created substantive rights. It also evinces a broader policy of fostering similar outcomes whenever practicable:

> [C]ases following *Erie* have evinced a broader policy to the effect that the federal courts should conform as *near as may be—in the absence of other considerations*—to state rules even of form and mode where the state rules may bear substantially on the question whether the litigation would come out one way in the federal court and another way in the state court if the federal court failed to apply a particular local rule.

*Byrd v. Blue Ridge Rural Elec. Coop., Inc.*, 356 U.S. 525, 536–37, 78 S.Ct. 893, 2 L.Ed.2d 953 (1958) (emphasis added). The *Erie* doctrine, however, has never required federal courts to chart an impracticable procedural course contrary to established federal procedure. But that is precisely what the hospital would have the court do here.

Before Virginia amended the VMMA in 1993, the Fourth Circuit held that, because the right to request a medical review panel is a procedural law intimately related to Virginia's substantive law on medical malpractice actions, "the Act's provisions for prefiling notice, for panel hearing and for the admission into evidence of the panel's opinion ... are to be applied in diversity actions in the district court." *DiAntonio v. Northampton–Accomack Mem'l Hosp.*, 628 F.2d 287, 291–92 (4th Cir.1980). At the time, federal courts could apply the VMMA by dismissing any medical malpractice action in which the plaintiff had failed to abide by the Act's requirements. Therefore, application of the VMMA was both practicable and possible before the 1993 amendments.

After Virginia amended the VMMA, however, application of the VMMA by federal courts became neither routinely practicable nor possible. Unlike the previous version of the VMMA, which allowed either party to request a review panel before instituting suit in either federal or state court, the current version requires a party to sue first in state court and then either party may request the Supreme Court of Virginia to appoint a review panel to be presided over by a Virginia circuit court judge. There is no statutory authority for the Supreme Court of Virginia to appoint a medical malpractice review panel for a case pending in federal court. Thus, in order for the hospital to have access to a medical review panel in this case, this court, acting without statutory authority or the assistance of state officials, would have to select the members of the panel and preside over their discussions.

At least one underpinning of the *Erie* doctrine is the conclusion that federal courts, courts of limited jurisdiction, have no business expanding their jurisdictional

borders by declaring a general, federal common law, an underpinning that has served principles of federalism equally as well. Given the Supreme Court of Virginia's conclusion that it cannot convene a medical malpractice review panel, the hospital's demand that this court convene one not only is unworkable but serves none of the *Erie* doctrine's purposes.

### B.

■ Since a review panel is not available to actions filed in federal court, the hospital asserts that this court should transfer the action to the state so that the Virginia Supreme Court can appoint a panel. Although this court would prefer that the parties have similar access to a review panel in federal court as in state court, the court "finds itself constrained by the language of the [VMMA] as modified by the 1993 amendments." *Swaim v. Fogle,* 68 F.Supp.2d 703, 705 (E.D.Va.1999).

> [T]he [VMMA] neither contains a procedure for assigning a case pending in federal court to the state circuit court, nor authorizes a federal court to enforce such a right. At this stage of the litigation, the state court has no jurisdiction over the case, and this Court has no authority to confer jurisdiction upon it. Without either an express method of transferring the case or a means of enforcing the purpose of the transfer, this Court would have to invent a procedure and thereby rewrite the statute.

*Id.* at 706. Indeed, fashioning a transfer procedure would be contrary to, not consistent with, *Erie's* doctrinal underpinning that federal courts have no business expanding their jurisdictional borders by creating rights, remedies and procedures in diversity cases. Therefore, the hospital's request for a transfer is denied.

### C.

The hospital argues that the VMMA impermissibly limits this court's diversity jurisdiction in contravention of the *Erie* doctrine because it provides review panels only for cases filed in state court. The hospital's argument, however, fundamentally misperceives the *Erie* doctrine. *Erie* says nothing about the validity of a state's legislation. Rather, the *Erie* doctrine, in its broadest sense, reminds federal courts that they are courts of limited jurisdiction. It is apparent that the hospital is conflating the *Erie* doctrine and the principle that states cannot limit federal jurisdiction, which is set by the Constitution and by Congress. Because the VMMA does not even remotely attempt to limit the court's diversity jurisdiction, the court rejects the hospital's argument.

■ The hospital is correct in that states may not limit the diversity jurisdiction of federal courts. "[S]tate action, whether legislative or executive, necessarily calculated to curtail the free exercise of the right [to resort to federal court] thus secured is void ..." *Terral v. Burke Constr. Comp.,* 257 U.S. 529, 532, 42 S.Ct. 188, 66 L.Ed. 352 (1922). *See Markham v. City of Newport News,* 292 F.2d 711, 712–14 (4th Cir.1961) (holding that U.S. District Courts "must look to the sources of its power," the Constitution and Congress, "and not to acts of states which have no power to enlarge or to contract the federal jurisdiction"). However, the VMMA in no way attempts to limit this court's jurisdiction as it does not restrict either party's access to federal court. Therefore, the hospital's assertions are meritless, and this court rejects its motion to reconsider the magistrate's ruling.

### III.

The hospital has asked the court to certify for interlocutory appeal the court's

denial of the hospital's request for a review panel. The court denies the hospital's request because the hospital cannot demonstrate that the issue is dispositive or that an interlocutory appeal would materially advance the ultimate termination of the litigation.

■ A district court judge may grant leave for an interlocutory appeal to the circuit court when a matter (1) involves a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) which may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). However, § 1292(b) should be used only sparingly and, thus, its requirements are strictly construed. *Myles v. Laffitte,* 881 F.2d 125, 127 (4th Cir.1989). Ordinarily, a district court should certify only questions that will dispose of the litigation:

> [t]he Fourth Circuit has stated regarding the term "controlling question of law" that "certainly the kind of question best adapted to discretionary interlocutory review is a narrow question of pure law whose resolution will be completely dispositive of the litigation, either as a legal or practical matter, whichever way it goes."

*KPMG Peat Marwick, LLP v. Estate of Nelco, Ltd.,* 250 B.R. 74, 78 (E.D.Va.2000) (quoting *Fannin v. CSX Transp., Inc.,* 873 F.2d 1438, 1989 WL 42583, at *5 (4th Cir.1989) (unpublished)).

In this case, however, the question of whether and how to apply the review panel procedures is simply not dispositive of the litigation. The review panel is unable to resolve controversies. Rather, its conclusions are simply admissible at trial. *See* Va.Code. Ann. § 8.01–581.8. Under the circumstances, the hospital is unable to show that resolution of the question would materially advance the ultimate termination of

the litigation. Therefore, the hospital's motion for interlocutory appeal is denied.

## IV.

For the reasons stated above, the court denies the hospital's motion to reconsider the magistrate judge's ruling. Further, the court denies the motion to certify the issue for interlocutory appeal.

### *ORDER*

In accordance with the written Memorandum Opinion entered this day, it is hereby **ORDERED** and **ADJUDGED** that: (1) defendants' motion to reconsider the magistrate judge's ruling is **DENIED;** and (2) defendants' request to certify the question for interlocutory appeal is **DENIED.**

The Clerk of the Court is directed to send certified copies of this Order and the accompanying Memorandum Opinion to the counsel of record for the plaintiff and the defendants.